At about 8 o'clock on the evening of Labor Day, September 4th, 1939, Mrs. Inez Trinchard St. Pierre, wife of Joseph E. St. Pierre, sustained injuries when the Buick automobile in which she was a passenger came into contact with a taxicab of Toye Brothers Yellow Cab Company at the intersection of Mandeville Street and Gentilly Road in the City of New Orleans. Claiming that the accident had resulted from the negligence of both drivers, Mrs. St. Pierre brought this suit, seeking solidary judgment against Toye Brothers Yellow Cab Company, a partnership, and the members thereof, Israel Slobotzky, owner and operator of the Buick automobile in which she was riding, and National Casualty Company, which is alleged by plaintiff to be the liability insurance carrier of Slobotzky.
Before the case came to trial in the district court, plaintiff effected a compromise settlement with Slobotzky and the case then proceeded to trial against Toye Brothers Yellow Cab Company and the individual members of that partnership.
There was judgment in favor of plaintiff for $150 and defendants have appealed. Plaintiff has answered the appeal praying that the amount awarded be increased to $250, as originally prayed for.
Gentilly Road is a very wide double-driveway boulevard which has, dividing the two driveways, a very narrow neutral ground about six and one-half feet in width. Mandeville Street does not cross Gentilly Road, but extends from one side of it towards Lake Pontchartrain. It does not intercept at a right angle, so that drivers of vehicles entering the boulevard from the street must turn their heads slightly to their left and look a little to the rear to see whether there are other vehicles coming in an uptown direction on Gentilly Road.
The Buick automobile in which Mrs. St. Pierre was a passenger was owned by Slobotzky, who was driving it. It was on its way up Gentilly Road. On the front seat with Slobotzky was Mr. St. Pierre and on the rear seat, with Mrs. St. Pierre, was her mother, Mrs. C.W. Trinchard, Sr.
The taxicab was on Mandeville Street, but it was the purpose of its driver, Bloom J. Roy, to cross the lake side roadway of Gentilly Road and to turn to the left and down the other (river side) roadway. It was the evening of a holiday and there was heavy automobile traffic on both sides of the boulevard, so that, before the taxicab could attempt to cross the lake side driveway, it was necessary that Roy wait for a break in the stream of automobiles *Page 94 
which, on that side, were proceeding towards the central part of the city. After waiting for some time, he noticed what appeared to him to be a break in the traffic sufficient to permit him to cross to the neutral ground, so that he might there wait for a break in the traffic on the other side and then enter the other roadway and go towards Franklin Avenue. He proceeded to cross the lake side roadway and had reached the neutral ground when his taxicab was struck at the rear of the left side by the Slobotzky automobile.
It is the contention of defendants that the taxicab had reached the neutral ground and had been standing there for some time — Roy says more than a minute — when its rear, which extended out into the roadway, was struck by the Buick car. It is the contention of plaintiff that it had not been standing in that position for any appreciable time, but had dashed suddenly across the roadway in front of the Buick automobile and had been brought to a stop just when the Buick reached it and when there was no longer sufficient time for Slobotzky to stop before striking the taxicab. And this is the question of fact on the determination of which this case depends.
On behalf of plaintiff, she, her husband and Slobotzky state that the taxicab entered the roadway at the excessive speed of twenty-five or thirty miles an hour, dashed in front of the Buick car, and was brought suddenly to a stop just before the Buick struck it. But counsel for defendants points out various discrepancies in the testimony of these three witnesses. For instance, Slobotzky, after vigorously denying that the taxicab had been stopped for any appreciable length of time, finally, when asked by the court, "How long was he in that position before you struck him?", said: "I'd say just a few minutes".
If the taxicab had been standing in that position "for a few minutes", obviously the accident must have resulted not from the fault of the driver of the taxicab, but from the fault of the driver of the Buick car. And yet we do not think that the evidence of Slobotzky, read as a whole, indicates that he really intended to say that the taxicab had been standing in that position for any appreciable length of time, because throughout his testimony he repeatedly uses such expressions as "He shot across that way and I hit his back wheel" and "the taxicab just shot across the road there". Both Mr. and Mrs. St. Pierre admit that the taxicab had stopped in the position in which it was struck before the Buick hit it, but both are certain that it had dashed across in front of the Buick.
When the suit was filed against all of the defendants, including Slobotzky, it was alleged by the plaintiff that at the time of the accident Slobotzky "did not have his car under control, that he was driving without exercising due caution, and without maintaining a proper lookout" and that "he made no effort to avoid the accident, nor to bring his car under control until a collision with the yellow cab was imminent". In spite of the fact that plaintiff had made the above-quoted allegations, she, after making her compromise with Slobotzky, testified that she had not noticed anything about the driving of Slobotzky which would indicate that he was in any way at fault, or that his actions had had anything to do with the resulting accident, and the defendants point to these allegations in connection with the other evidence to the effect that the taxicab had stopped some time before it was struck by the Buick as proving that that was the true fact and that the accident had resulted solely from the carelessness of Slobotzky in driving his car into the taxicab after it had stopped. And there is corroboration of the testimony of Roy that his cab had been stopped in the neutral ground for some time before it was struck, this corroboration being the testimony of a disinterested witness, Bruce Ryder who states that he was looking at the vehicles, and, when asked, "How long you saw this yellow cab standing there stopped before it was struck by this car?", said: "He was stopped when I saw him about fifteen or twenty seconds and I watched him myself but I don't know how long before that he was stopped".
It is evident, then, that it is not at all certain that a reading of the record without the benefit of the finding of our brother below would have led us to the conclusion that the taxicab had dashed across in front of the Buick automobile just before it was struck by the latter. But, in view of the fact that the judge of the trial court saw and heard all of the witnesses and reached the conclusion that the driver of the taxicab was also, to some extent, at fault, we are of the opinion that the judgment should not be reversed. It is obvious, we think, that Slobotzky could have avoided the accident by the exercise of due care had he been paying strict attention to what he was doing. But we *Page 95 
think that the record indicates the possibility that the taxicab did cross in front of the Buick car when it was not entirely safe for it to do so, and that, therefore, it may properly be said that the negligence of Roy, the driver of the taxicab, contributed to some extent to the ultimate result.
If both drivers were at fault, Mrs. St. Pierre has the legal right to hold all defendants liable solidarily. Having dismissed her suit as to the other defendants, with a reservation of her rights against the present defendant partnership, she is entitled to judgment against the said partnership and the individual members thereof.
Mrs. St. Pierre was employed by the Southern Bell Telephone and Telegraph Company and she lost no time at all from her work. She says she suflered considerably but was afraid to fail to report for work because she had taken much time off before the accident and feared that she might be discharged. There is no doubt that she did suffer to some extent and we think that the amount awarded should not be disturbed.
The judgment appealed from is affirmed.
Affirmed.