McCALEB, Justice.
 

 Plaintiff seeks recovery of damages for personal injuries he allegedly sustained when he fell into a hole in the sidewalk in front of No. 1150 South 13th Street in the City of Baton Rouge. Joined as defendants, against whom judgment is sought in solido, were the abutting property owner and her public liability insurer, the City
 
 *853
 
 of Baton Rouge and the Parish of East Baton Rouge.
 
 [1]
 

 In his petition plaintiff alleged that the accident occurred as the result of the combined and independent negligence of the abutting property owner and the City of' Baton Rouge and the Parish of East Baton Rouge (the last two named defendants will,for purposes of brevity, be hereinafter called the City). It was charged that the defendant property owner authorized and permitted her tenants and others having access to her house “ * * * to create a driveway from the street to said property and drive automobiles over the brick and concrete sidewalk, thus causing an undue burden on the inadequate sidewalk and resulting in its ultimate disintegration * * * ” and that she had full knowledge of the defective condition and failed to take affirmative steps to repair the sidewalk. Plaintiff further averred that the City, its agents, servants and employees had notice or knowledge of the dangerous condition of the sidewalk or that, due to the long standing defective condition of said sidewalk, it should have known that this condition was a hazard to the public and that, therefore, it was guilty of negligence in not having repaired the defect. Judgment was accordingly prayed for against the defendants, in solido, as joint tortfeasors.
 

 Thereafter, plaintiff compromised with the abutting property owner and her insurer for $1,000 with full reservation, however, of his rights to proceed against the City. Upon the dismissal of the suit as to these defendants, the City, under authority of" Article 966 of the Louisiana Code of Civil Procedure, filed a rule against plaintiff for a summary judgment, contending that the release of the abutting owner and her insurer effectually discharged it from any liability in the premises, notwithstanding plaintiff’s reservation of his rights against it in the act of release. This plea was founded on the theory that the City was only secondarily or vicariously responsible to plaintiff for its failure to repair the defective sidewalk and that the release of the party primarily liable, the abutting proprietor who allegedly was responsible for the creation of the defect, must be held to have likewise operated as a discharge of the City from any and all further liability. The case of Williams v. Marionneaux, 240 La. 713, 124 So.2d 919, was relied on as authority for this position.
 

 This motion was maintained by the trial judge and, on appeal, the Court of- Ap
 
 *855
 
 peal, First Circuit, affirmed the judgment. See Lee v. City of Baton Rouge, La.App., 141 So.2d 125. We granted certiorari.
 

 We think the judgment is clearly erroneous as it is grounded on the false premise that municipalities, in suits for damages for personal injuries resulting from their failure to keep their streets in repair, are only vicariously liable to the injured party when it is claimed that a third party created the defective condition. Quite the contrary. A municipality is not liable for the acts of third parties who place obstructions in the public way or otherwise cause defects in a sidewalk, unless and only when, it is guilty of negligence' by failing, within a reasonable time after it has notice, actual or constructive, of the existence of the defective condition, to repair it and thereby to comply with the duty imposed on it by law to keep its streets and sidewalks in reasonably safe condition for public use.
 

 Plaintiff’s case here is based exclusively on a delict or tort—that is, on allegations of the separate and independent negligence of the City in failing in its duty to repair a defect after it knew, or should have known, that the condition of the walkway was hazardous and likely to cause injury to the travelling public. Accordingly, liability of the City is primary in nature. See White v. City of Alexandria, 216 La. 308, 43 So.2d 618 and Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 and the many authorities cited in those matters. Liability of a municipality in matters of this sort cannot in any sense be regarded as derivative or on a parity with that of the employer in Williams v. Marionneaux, supra, whose responsibility did not result from a tort but rested solely on the relationship of master and servant under the doctrine of respondeat superior under Article 2320 of the Civil Code.
 

 Strangely enough, counsel for the City, the district judge and the Court of Appeal seem to believe that the case of Arata v. Orleans Capitol Stores is authority for holding that the liability of the City in this case is secondary. This is a misconception of our decision for, while we found in the Arata case that a cause of action was stated against the abutting property owner under allegations somewhat similar to those contained in the petition in the instant case,
 
 [2]
 
 our conclusion was reached on the basis that liability of such an owner to third persons for injuries resulting from a defect in city streets constituted an exception
 
 *857
 
 to the general rule which exception obtains only in instances “ * * * where the defect is created or caused by him.” See page 1058 of 219 La., page 244 of 55 So.2d also Sections 1704 and 1825 of Vol. 4, Dillon, “Municipal Corporations”, 5th Ed., which is cited in the opinion in support of the quoted statement.
 

 In the Arata case, as in many other decisions of this Court,
 
 [3]
 
 we experienced no difficulty whatever in determining that the petition stated a cause of action against the municipality, the City of New Orleans, as a joint tortfeasor since it was alleged, as in this case, that the City had failed to repair the broken concrete of the sidewalk within a reasonable time after notice and that its neglect to do so was a proximate cause of the accident. Such an allegation is sufficient to fasten primary responsibility on a municipality in solido with the persons charged with creating the defect —for the dereliction, if true, would constitute a contributing cause—a cause but for which the accident would not have occurred.
 

 In this Court, as in the Court of Appeal, counsel for the City has cited and relied heavily upon a line of cases from other jurisdictions holding that a public agency, which has been compelled to pay damages for injuries to an individual as a consequence of a defect in a highway or street, may recover indemnity against a third person whose negligence or wrongful act caused the defect unless such agency is guilty of active negligence, i. e., where the parties are in pari delicto. And cases and text writers are also cited to the effect (see 25 Am.Jur. “Highways”, Section 393, page 690) that “According to the view generally prevailing, the parties are not in pari delicto where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability merely by reason of a failure to remedy the condition.”
 

 With due respect to these authorities, it suffices to say that this is not the law of Louisiana. Under Article 2315 of our Civil Code, as interpreted by an unbroken line of jurisprudence, any act, or omission of a legal duty which is a proximate cause of an injury to another, renders the party charged with such act or omission liable in damages. In the case of a joint tortfeasor it is not necessary that the act or failure in the preformance of duty be the sole cause of the accident or injury; it is enough that it is a contributing cause. In the case at bar it is charged that the City knew or should have known of the
 
 *859
 
 defect and failed to repair it. If this he •true, and 'it must he admitted as true for purposes of a summary judgment, it is liable in solido with the other defendant for its failure in its duty to keep the sidewalk in repair was such that but for it the accident could not have happened.
 
 [4]
 

 ■ Since we find the allegations of the petition sufficient to show fault on the part of ■the City,-, its liability cannot be regarded as secondary,, -vicarious or derivative. .Hence, .the .reservation by plaintiff of his .rights- against the City in his settlement ¡with the- other defendants is binding and effective.
 
 [5]
 
 ' .
 

 As an alternative argument, defense counsel contend that the Parish of East Baton Rouge owes no duty to maintain the sidewalks in the City of Baton Rouge. This point,! which was raised on an exception of no cause of action, is not before us. The' only matter presented here on the writ of review is the correctness of the judgment of the district court in dismissing plaintiff’s suit on the rule for summary judgment.
 

 For the reasons assigned, the judgment of the district court, which was affirmed’by the Court of Appeal, is reversed; the motion for a summary judgment is denied and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed.
 

 [1]
 

 . Additionally, another individual was alleged, through error, to be an owner of the abutting property and both she and her public liability insurer were also named as defendants. Subsequently, the suit was voluntarily dismissed as to these parties.
 

 [2]
 

 . In the instant case the petition merely charges that the owner permitted her tenants to drive over the sidewalk which caused the breaking of the concrete slab thereof. Hence, it is doubtful that a cause of action is stated against her as the defect was neither created by her nor by persons under her supervision and control as it was the obligation of the City and not that of the abutting proprietor to keep the sidewalks reasonably safe for pedestrians.
 

 [3]
 

 . For example, see Stern v. Davies, 128 La. 182, 54 So. 712, where both the municipality and the abutting proprietor were held liable, in solido, as joint tortfeasors for injury caused to a pedestrian as the result of the unsafe condition of a sidewalk due to an obstruction placed thereon by the proprietor.
 

 [4]
 

 . Compare Sutton v. Champagne, 141 La. 469, 75 So. 209 and Appalachain Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, which recognize an exception to the general rule that a ' joint tortfeasor may not claim indemnity from another party or parties to the ' wrongful act. This exception is limited, ’ however, to cases like Williams v. Marion- - neaux where the party ''seeking redress is only technically liable' by reason of his status at the time of the accident and is without any personal fault. The City in this case does not come within the exception in view of the allegations of plaintiff’s petition.
 

 [5]
 

 . See Articles 2101 and 2203 of the Civil Code; St. Pierre v. National Casualty Co., La.App., 2 So.2d 93 and Landry v. Now Orleans Public Service, 177 La. 105, 147 So. 698.