SAMUEL, Judge.
B-W Acceptance Corporation filed this suit on a chattel mortgage note drawn by *68 the defendants seeking collection of the balance due under that note. Defendants answered, denied that the plaintiff was a holder in due course, and pleaded special defenses. Defendants also filed a third party demand against Borg-Warner Corporation, Norge Sales Corporation and Sno-White Laundries, Inc., alleging that, in the event defendants were cast in the original suit, there should be like judgment rendered in favor of defendants and against Borg-Warner and Norge, and praying for judgment against Sno-White Laundries for liquidated damages. A motion for a summary judgment dismissing defendants’, third party action was filed by Borg-Warner and Norge. After a hearing on the rule to show cause why the motion should not be granted the trial court rendered a summary judgment dismissing the third party demand as to the two movers. Third party plaintiffs have appealed.
Except for discovery interrogatories filed by the original plaintiff and directed to and answered by the original defendants, which interrogatories are concerned only with the marital status of said defendants, whether or not the note was signed by them and represented consideration for the purchase of laundry equipment, and the amount of the balance due, and one affidavit, filed by the original plaintiff on the trial of the motion for summary judgment, which affidavit stated that said plaintiff had purchased the note from Sno-White Laundries, no depositions, admissions, affidavits or additional pleadings have been filed by any of the parties. Other than those interrogatories and answers and the one affidavit, which are not material to, and have no importance in, a consideration of the summary judgment, the matter was before the trial court, and is before us, solely on the pleadings and these consist of the original petition, the answer thereto and the third party petition.
The third party petition alleges that the note in suit was given by the original defendants in part payment of certain laundry machinery and equipment manufactured by Norge and purchased from Sno-White Laundries; that Norge and the original plaintiff, B-W Acceptance, are wholly owned subsidiaries of Borg-Warner; that Sno-White Laundries was distributor for Borg-Warner and Norge; that Borg-Warner and Norge made fraudulent and misrepresenting statements concerning the quality of the equipment, and the income third party plaintiffs could expect from the operation of a cleaning establishment, together with false and misleading statements regarding the exclusive territory to be awarded them, and then established another cleaning establishment within two blocks of defendants’ business operation; and that the equipment was and is totally unsatisfactory for the purpose of operating a commercial washing and cleaning establishment and continuing breakdowns have made it impossible to operate the business profitably.
In support of their motion Borg-Warner and Norge contend that in order for them to be liable as third party defendants the third party petition must set forth one of three grounds, breach of contract, warranty or actionable fraud. They argue: There could be no breach of contract as to them for the reason that the only contract referred to in the pleadings is a contract between third party plaintiffs and Sno-White Laundries and the petition contains no allegation that movers were party to the contract or were part of the same company as Sno-White; nor, even if a contractual relationship did exist, is there any allegation that the statements made by them were part of that contract. As to warranty, even assuming that under the pleadings a call in warranty could be exercised against Sno-White Laundries, again the petition does not allege sufficient facts to form the basis for a call in warranty against Borg-Warner and Norge; nor, in addition, does it contain allegations of tender and restoration of the status quo necessary for a complaint of rehibitory vices in the equipment. As to actionable fraud, the petition does not allege repre *69 sentations relating to present or past fact or intent to defraud, both, of which are necessary to properly plead fraud; the petition fails to allege anything more than a failure to do what has been promised as an inducement to sign a contract, which can constitute only breach of contract and not fraud.
Thus it is quite clear that the motion for summary judgment is based on an alleged absence of material and necessary allegations in the third party petition. Under these circumstances we are of the opinion that the motion should have been denied. A motion for summary judgment based on an insufficiency of allegations cannot be used as a substitute for an exception of vagueness or of no cause of action.
Summary judgment is a more serious matter than a judgment sustaining either of the two exceptions. In connection with those exceptions an amendment to the petition or other action by the plaintiff must be permitted when the grounds of the objection may be removed by amendment (LSA-C.C.P. Arts. 933 and 934). The exception of vagueness merely retards the progress of, and does not tend to defeat, the action (LSA-C.C.P. Art. 923) and a judgment maintaining an exception of no cause of action based on an insufficiency of allegations cannot form the basis of a plea of res judicata (LSA-C.C.P. Art. 934; Federal Ins. Co. v. T. L. James & Co., La.App., 69 So.2d 636; Pannagl v. Stouder, La.App., 34 So.2d 344). On the other hand, in connection with the motion for summary judgment (LSA-C.C.P. Art. 966) there is no requirement that an amendment be permitted under any circumstances; and under LSA-C.C.P. Art. 968 a summary judgment is a final judgment, the effect of which is the same “ * * * as if a trial had been had upon evidence regularly adduced.”
LSA-C.C.P. Art. 966 provides that on a motion for summary judgment the judgment sought shall be rendered if the pleadings, etc. show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Comment (a), which appears under Article 966, states that the availability of the motion and its potential for expeditious disposition of frivolous, but ivell pleaded, demands and defenses should go very far in discouraging such demands and defenses. It would appear therefore that the redactors of the code did not contemplate that the motion would be applicable where the basis therefor was only an insufficiency, of allegations.
In any event, where there is an insufficiency of allegations all of the material facts cannot be before the court and the court cannot possibly decide whether or not there is a genuine issue in connection therewith.
For the reasons assigned, the judgment appealed from is reversed and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law, all costs to await final determination.
Reversed and remanded.