157 So.2d 903 (1963)
G. C. PERRY and Charlotte Ann Dennis Perry
v.
RELIANCE INSURANCE COMPANY OF PHILADELPHIA.
No. 5944.
Court of Appeal of Louisiana, First Circuit.
November 12, 1963.
*904 Marcel & Wiemann, by Daniel C. Wiemann, Houma, for appellant.
Montgomery, Barnett, Brown & Read, by Peter H. Beer, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiffs herein, G. C. and Charlotte Ann Dennis Perry, parents of an infant daughter, Lona Rhea Perry, instituted this tort action seeking damages for the reputed wrongful death of their said child allegedly resulting from the negligence of Mrs. Ethel Lockwood Begley, insured of defendant, Reliance Insurance Company of Philadelphia (sometimes hereinafter referred to simply as "Reliance" or "Insurer"). Sole defendant herein is Reliance who was proceeded against directly as authorized by statute. In the court below defendant moved for summary judgment which motion was granted by the trial court and judgment rendered dismissing plaintiff's demands. Plaintiffs have taken this appeal.
The sole issue presented by this appeal is the propriety of the trial court's judgment dismissing plaintiffs' complaint upon defendant's motion for summary judgment or, stated otherwise, is the present matter an instance in which summary judgment procedure may properly be invoked?
For reasons which will hereinafter become manifest, we set forth in full the pertinent portions of plaintiffs' petition which reads as follows:
"3.
"That on May 18th, 1962, plaintiff, Charlotte Ann Dennis Perry together with her minor child, Lona Rhea Perry, visited with Mrs. Ethel Lockwood Begley, at the residence of Kenneth E. Begley and Mrs. Ethel Lockwood Begley, 302 Edith St., Houma, Louisiana.
"4.
"That at Mrs. Ethel Lockwood Begley (sic), Mrs. Charlotte Ann Dennis Perry placed her infant daughter on a bed in the bedroom of the Begley home and both proceeded into another room of the house after first Mrs. Perry ascertaining that the child was safe and secure.

*905 "5.
"That very shortly after the infant had been placed on the bed in the bedroom of the home of Mr. and Mrs. Begley, Mrs. Perry went back into the bedroom to see her infant daughter and found a piece of plastic over the face of the child, blood flowing from the mouth and nose of the child and the child was dead.
"6.
"That the sole and proximate cause of the injuries and death of your petitioners' minor daughter Lona Rhea Perry were (sic) the following negligent acts of commission or omission by Kenneth E. Begley and Ethel Lockwood Begley at their residence at 302 Edith St., Houma, Louisiana, in the following respects, to-wit:
"1. Failure to provide a reasonable (sic) safe place on their premises for invited guests, particularly Lona Rhea Perry.
"2. In knowingly having inheritingly (sic) dangerous materials in places or positions where it or they can cause injury, damage or death to an invited guest.
"3. Generally, negligent conduct, such a (sic) reasonable or prudent person or persons would be aware of because of the publicity accorded the dangerous nature of the plastic (polythene) (sic) material."
The entire record compiled in the trial court consists of plaintiffs' petition, defendant's motion for summary judgment, a rule to show cause fixing the date and time for a hearing on appellee's motion for summary judgment and the judgment of the trial court sustaining defendant's said motion and dismissing appellants' petition. No supporting, or opposing, affidavits and no depositions or admissions were filed on behalf of either appellants or appellee. Under such circumstances the allegations of plaintiffs' petition must be accepted as true. Wilkinson v. Husser, La.App., 154 So.2d 490; Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868.
In essence appellants contend the trial court erroneously considered appellee's motion for summary judgment as an exception of no cause of action and an exception of vagueness. Our careful consideration of the record and applicable statutory provisions, convinces us appellants' position is well taken.
In his written reasons for judgment appearing in the record, our esteemed brother below considered the allegations of appellants' petition and, after observing that certain allegations which he deemed essential were lacking therein, stated as follows:
"The Court is of the opinion that the pleadings fail to state any negligence against the Begleys, and fail to state a cause of action. The Court is of the opinion that all of the pleadings in this case indicate and state quite clearly that Mrs. Perry personally placed her child on the bed, and moments thereafter found her child dead. There is not the slightest reason to believe that the physical condition of the bed changed from the time Mrs. Perry placed the child on it until a few moments later when she found the child dead.
"The conclusion necessarily is that if a dangerous condition did exist, that it existed there when Mrs. Perry placed the child on the bed, and as unfortunate as this tragedy is, that does not create a case against the defendant."
From the foregoing it appears abundantly clear our learned brother below treated appellee's motion for summary judgment as an exception of no cause of action and in doing so committed error.
The reasons for distinguishing between the motion for summary judgment and the exception of no cause of action were well *906 stated by our brothers of the Fourth Circuit in the recent case of B-W Acceptance Corporation v. Clarkson, La.App., 154 So. 2d 67, from which we approvingly quote the following:
"Thus it is quite clear that the motion for summary judgment is based on an alleged absence of material and necessary allegations in the third party petition. Under these circumstances we are of the opinion that the motion should have been denied. A motion for summary judgment based on an insufficiency of allegations cannot be used as a substitute for an exception of vagueness or of no cause of action.
"Summary judgment is a more serious matter than a judgment sustaining either of the two exceptions. In connection with those exceptions an amendment to the petition or other action by the plaintiff must be permitted when the grounds of the objection may be removed by amendment (LSA-C.C.P. Arts. 933 and 934). The exception of vagueness merely retards the progress of, and does not tend to defeat, the action (LSA-C.C.P. Art. 923) and a judgment maintaining an exception of no cause of action based on an insufficiency of allegations cannot form the basis of a plea of res judicata (LSA-C.C.P. Art. 934; Federal Ins. Co., v. T. L. James & Co., La.App., 69 So.2d 636; Pannagl v. Stouder, La. App., 34 So.2d 344). On the other hand, * * * under LSA-C.C.P. Art. 968 a summary judgment is a final judgment, the effect of which is the same `* * * as if a trial had been had upon evidence regularly adduced.'"
It is now established jurisprudence that the primary purpose of the summary judgment procedure is to minimize and discourage the judicial urging of well pleaded but frivolous claims. Kay v. Carter, 243 La. 1095, 150 So.2d 27. Peculiarly applicable to the issue under discussion is the following language appearing in B-W Acceptance Corporation v. Clarkson, supra:
"LSA-C.C.P. Art. 966 provides that on a motion for summary judgment the judgment sought shall be rendered if the pleadings, etc. show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Comment (a), which appears under Article 966, states that the availability of the motion and its potential for expeditious disposition of frivolous, but well pleaded, demands and defenses should go very far in discouraging such demands and defenses. It would appear therefore that the redactors of the code did not contemplate that the motion would be applicable where the basis therefor was only an insufficiency of allegations.
"In any event, where there is an insufficiency of allegations all of the material facts cannot be before the court and the court cannot possibly decide whether or not there is a genuine issue in connection therewith."
Although a plaintiff is at liberty to amend his petition at any time before an answer is filed (LSA-C.C.P. Article 1151), it is important to note that the rules governing summary judgment procedure (LSA-C.C.P. Articles 966-969, inclusive) contain no provision for a judgment ordering amendment of the pleadings as do the rules governing exceptions as contained in LSA-C.C.P. Articles 932-934, inclusive. It is of importance to further note that, as pointed out in B-W Acceptance Corporation v. Clarkson, supra, a summary judgment has the same finality and legal effect as trial on the merits of a cause. LSA-C.C.P. Article 968.
Concerning the possibility of amendment of plaintiffs' petition, the learned trial judge noted:
"The question of whether or not plaintiffs could amend their petition in order to set forth a cause of action is *907 quite something else. The fact is that plaintiffs made no such offer to amend."
Under the circumstances existing herein there was no necessity for plaintiffs to offer to amend their complaint because, as herein previously shown, appellee's motion for summary judgment did not constitute an attack on the sufficiency of the allegations of appellants' petition. Rather the motion for summary judgment raised only the issue that, irrespective of the allegations of the petition, there is in truth no genuine issue of material fact and mover was therefore entitled, as a matter of law, to judgment upon facts which are not in dispute. Conceding LSA-C.C.P. Article 966 stipulates the motion for summary judgment may be tendered with or without supporting affidavits, for the motion to prevail it must affirmatively appear no genuine issue of material fact exists. In the instant case no such showing has been made. Learned counsel for appellee merely contends in effect that admitting the truth of plaintiffs' allegations there is no case presented against defendant. In substance, therefore, the position taken is basically that of an exceptor urging an exception of no cause of action.
Although appellee has not expressly plead contributory negligence on the part of plaintiff it is argued that the petition on its face contains in Article 3, a "judicial admission that Mrs. Perry left her baby unattended in the Begley's home after doing what-ever (sic) she determined was necessary to see that the baby was `safe and secure.'" From this defendant concludes: "This is not a case of insufficient allegations or vagueness. Nor is it an instance of no cause of action. This is a suit in which the positive statements of the plaintiff bar recovery." The foregoing conclusion does not necessarily follow. While it may well be that there was contributory negligence barring recovery, such an issue cannot be determined except upon a special plea. Moreover, the allegations of the petition do not necessarily obviate the possibility defendant's insured was negligent and that such negligence resulted in the death of the infant. The allegation that the mother first ascertained the child was safe and secure is merely an attempt, however inept, to negate a lack of prudence or any contributory negligence on her part. Granting the pleading to be inexplicit, the import thereof is apparent. Conceding the petition fails to allege in precise terms (1) the exact cause of death; (2) the cause of the bleeding; (3) how the plastic bag reached the child; (4) the whereabouts of the plastic bag before the child was placed on the bed; (5) whether the insured had knowledge or should have known of the existence of the danger, or any other circumstances connecting the insured with the death of the child; the omission of any such allegations necessary to state a cause of action or dispel any resulting ambiguity or vagueness can only be attacked by appropriate exception. No such exception appears of record consequently the sufficiency of the pleading was not properly before the court below.
In his brief before this court able counsel for appellee inferentially suggests the petition was not amended in the court below because of the existence of certain facts which, if presented, would only serve to more clearly demonstrate plaintiffs' claim is without foundation. Appellate courts, however, cannot speculate upon relevant facts which are not properly a matter of record.
Duplechain v. Houston Fire & Casualty Insurance Co., La.App., 155 So.2d 459, (Third Circuit), is cited by astute counsel for appellee in support of the contention that the burden is incumbent upon plaintiff to augment or supplement the pleadings when attack thereon is made in the form of a motion for summary judgment. Our careful consideration of the Duplechain case, supra, (with which we are in complete accord), discloses that the obligation of plaintiff to augment does not ipso facto arise upon the filing of a motion for summary *908 judgment. With full approbation we cite the following language appearing in the Duplechain case, supra:
"In our opinion, the burden of proof rests upon the party seeking a summary judgment to show that there is no genuine issue as to any of the material facts on which the motion is based. If he does produce convincing proof to establish that, then the burden shifts to the opposing party to show by receivable evidence that a genuine issue of a material fact does exist. He is not required to establish that the facts are different from those alleged by the movant, but he is required to show that there is a real, not formal, controversy as to a material fact, The mere allegation by the opposing party, or a statement by his counsel in argument, that a material fact is different from that proved at the trial ordinarily will not be sufficient to defeat the motion for summary judgment. If the movant at the trial produces convincing proof of the facts upon which the motion is based, and no counter affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then we think a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings." (Emphasis added.)
The instant matter is clearly distinguishable from the Duplechain case, supra, considering that in the case at bar movant has presented no supporting affidavits or any other "convincing proof" and has therefore failed to discharge the burden of establishing the absence of a genuine issue of material fact which showing is necessary to shift the burden of augmentation and supplementation to petitioners.
Farrell v. Farnsworth & Chambers Co., La.App., 143 So.2d 100 (Fourth Circuit) is also readily distinguishable from the case at bar. We note that in the cited case the only showing on the issue of whether the particular defendant (Tulane University) was connected, factually or legally, with the activity forming the sole basis of plaintiff's case in such way as to impose liability on said defendant, was an affidavit offered by defendant which the court found negated the possibility of liability on the part of that particular defendant. Plaintiff therein made no offering to counter defendant's showings and the court granted a motion for summary judgment dismissing the action as to the university. We believe the views expressed in the Farrell and Duplechain cases, supra, to be entirely consistent.
It appears, therefore, to be well established jurisprudence that upon trial of a motion for summary judgment, the initial burden of proof rests upon movant to convincingly show (either from the pleadings or by the production of affidavits, depositions or other admissible proof) the absence of a genuine issue of material fact between the adverse parties. It appears equally well established law that until movant discharges the initial burden of proof the obligation of countering by plaintiff does not arise.
We deem it appropriate to reiterate the following pertinent pronouncements recently set forth in Wilkinson v. Husser, La. App., 154 So.2d 490:
"* * * In disposing of a motion for summary judgment, the trial courts are urged to bear in mind the cardinal rules that movant bears the burden of clearly establishing the absence of any genuine issue of material fact and that all reasonable doubts must be resolved against the mover. LSA-C.C.P. Article 966; Haspel v. Treece, La.App., 150 So.2d 120; Jacobs v. Beck, La. App., 141 So.2d 920."
The record before us fails to affirmatively show the absence of a genuine issue of material fact as between the litigants at bar. It follows that the trial court fell into error in granting appellee's motion for *909 summary judgment and dismissing plaintiffs' suit.
For the reasons hereinabove set forth;
It is ordered, adjudged and decreed that the judgment of the trial court granting appellee's motion for summary judgment and dismissing and rejecting appellants' demands be and the same is hereby annulled, reversed and set aside and this cause remanded to the trial court for further proceedings in accordance with law and consistent with the views herein expressed. Costs of this appeal to be paid by appellee.
Reversed and remanded.