159 So.2d 612 (1963)
J. B. THOMAS, Plaintiff-Appellant,
v.
FROMHERZ ENGINEERS et al., Defendants-Appellees.
No. 5992.
Court of Appeal of Louisiana, First Circuit.
December 16, 1963.
Rehearing Denied January 27, 1964.
Writ Refused March 11, 1964.
*613 Brumfield, Turner & Cooper, by Sylvia Roberts, Baton Rouge, for appellant.
Lemle & Kelleher, by Carl J. Schumacher, Jr., New Orleans, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
This suit was instituted April 13, 1960 by J. B. Thomas against Fromherz Engineers and Singstad & Baille employed by the State of Louisiana to supervise and direct the construction of an underwater tunnel at Houma, Louisiana. Other defendants were sued but are not presently before this court. The plaintiff was an employee of the project contractor when he was injured as a piling fell from the lead line of a pile driver and struck him. The alleged cause of the accident was that the "lead line was not equipped with an end unit."
Other parties involved were joined as defendants, but the said consulting engineers and their liability insurers are the only appellants. An exception of vagueness was filed by attorneys for said engineers and their liability insurers. This exception was aimed at two defects in plaintiff's pleadings. It attacked plaintiff's failure to allege any details of the contract of employment. It also set forth that plaintiff's petition failed to allege "with particularity, as required by Code of Practice Article 172.1, the basis of the alleged duty on the part of exceptor to inspect or control the operation of the equipment used by the contractor to accomplish its work." After hearing the exception, the trial court ordered the plaintiff to "produce the contract relied upon."
After the written employment contract between said consulting engineers and the State of Louisiana was introduced, a motion for summary judgment or alternatively, an exception of no cause of action was filed on behalf of the consulting engineers and their insurers. The motion for summary judgment was duly heard and a summary judgment was rendered dismissing plaintiff's suit against the consulting engineers. Plaintiffs filed a motion for rehearing which was denied. Thereafter, plaintiff perfected a devolutive appeal to this court from the summary judgment dismissing his suit against Fromherz Engineers and Singstad and Baille.
On appeal, plaintiff's counsel contends the case of Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660, relied upon by counsel for appellant is inapposite for the following reasons:
"* * * The Supreme Court found (1) that the particular contract in the Day case, imposed no duty on the architects to know of, and make an inspection of the installation of the boiler, (2) expert testimony showed the architects had fulfilled the obligations of the contract with reference to inspections *614 of the work site; (3) the architects were guilty of no fault proximately causing the accident. No general rules was laid down concerning duties imposed on all architects and/or consulting engineers having a contract with the State. More importantly, the court did not say that duty springing from the contract was indispensable to plaintiff's recovery; * * *".
The contract in question sets forth the following requirements concerning appellant's contractual responsibilities in regard to the project in question:
"The Engineers shall perform general supervision and shall furnish at their expense a resident engineer who is experienced in tunnel construction with the Project Engineer and his assistants supplied and paid by the Department.
"The Engineers shall assist the Department in the review and tabulation of bids received, investigation of bidders and similar functions connected with the receipt of bids and the award of contracts. After the award of a construction contract or contracts, the Resident Engineer shall be available at all times for consultations with the Project Engineer and other engineers of the Department.
"The Engineers shall receive shop and construction detailed plans from contractors, manufacturers or others, review and amend if necessary and approve such plans."
Clearly, these duties are not identical to nor apparently as stringent as those set forth in the employment contract in the Day case, to-wit:
"* * * `adequate supervision of the execution of the work to reasonably insure strict conformity with the working drawings, specifications, and other contract documents', and this supervision was to include, among other things, `* * * (b) inspection of all samples, materials, and workmenship * * * (d) checking of all shop and setting drawings (c) frequent visits to the work site * * *'."
However, the observation made in the Day case concerning the extent of the architects supervision duties is applicable to the case at bar:
"Under the contract they as architects had no duty to supervise the contractor's method of doing the work. In fact, as architects they had no power or control over the contractor's method of performing his contract, unless such power was provided for in the specifications. Their duty to the owner was to see that before final acceptance of the work the plans and specifications had been complied with, that proper materials had been used, and generally that the owner secured the building it had contracted for." (Emphasis ours.)
The pertinence of the above holding in the Day case is apparent in the case at bar. The pertinent negligent acts complained of by plaintiff in his petition were as follows:
"That the said accident was caused by the negligence of defendants FROMHERZ ENGINEERS AND SINGSTAD & BAILLIE, CONSULTING ENGINEERS, in failing to inspect said equipment; in permitting said pile driver to operate without the proper safety appliances, particularly an end unit to securely hold the pilings which were being set."
These are faults in the equipment and/ or operation of plaintiff's employer's independently owned and operated equipment, over which the consulting engineers had no apparent contractual or actual control. Facts giving rise to a duty, contractual or otherwise, on the part of the appellee are neither alleged in plaintiff's petition, nor supplied by other proof available on a motion *615 for summary judgment, as provided by LSA-Civil Code of Procedure, Article 966:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added.)
Accordingly, in the absence of proof concerning an extension of the duties of the appellees in this case to supervision of the contractor's equipment or construction methods, there is no such duty at issue. This proof could, if available, have been introduced under the procedure set forth for summary judgment. Therefore, in this respect and under the circumstances presented herein, the Day case is reliable authority for upholding the summary judgment granted herein.
Counsel for plaintiff also complains that the District Court's erroneously resolved factual issues by summary judgment citing several cases in support of this contention. Wilkinson v. Husser, La.App., 154 So.2d 490; Vallier v. Aetna Finance Company, La.App., 152 So.2d 112; Kay v. Carter, 243 La. 1095, 150 So.2d 27; McDonald v. Grande Corporation, La.App., 148 So.2d 441; Freyou v. Marquette Casualty Company, La.App., 149 So.2d 697. Counsel for plaintiff urges two issues of fact were erroneously resolved herein:
(1) Did the contract entered into by defendants with the State of Louisiana impose a duty to prevent plaintiff's injury?
(2) Was plaintiff's injury a foreseeable result of defendants' failure to fulfill their contractual obligations?
In answer to the first contention, there is no duty set forth in the contract sued upon, nor does a duty arise by any facts alleged or legally introduced in affidavits under summary judgment procedure whereby the appellants could be held liable, in tort or in contract to the plaintiff. Therefore, it is found no genuine issue as to material fact have been posed by plaintiff.
Since no contractual or legal duty chargeable to appellees even allegedly arose according to the pleadings and other proof adduced herein, plaintiff's second "question of fact" falls of its own weight.
Accordingly, the summary judgment of the trial court dismissing plaintiff's suit against Fromherz Engineers and Singstad and Baille, appellees herein, is affirmed.
Affirmed.
LANDRY, Judge (dissenting).
In my humble judgment, the majority opinion has substituted defendant's motion for summary judgment in place of an exception of no cause of action contrary to established jurisprudence. See B-W Acceptance Corporation v. Arthur A. Clarkson et al., La.App., 154 So.2d 67, and Perry v. Reliance Insurance Co., 157 So.2d 903, rendered by this Court, November 12, 1963.
Defendant's position in the case at bar is stated in the following paragraph appearing on Page 3 of appellee's brief, to-wit:
"There is, within the meaning of Article 966, no genuine issue as to any *616 material facts in this case, and the sole question presented by the entire record of the case is whether by law the defendants, Fromherz Engineers and Singstad and Baille, owed a legal duty to the plaintiff, J. B. Thomas. It is submitted that as a matter of law the defendants, Fromherz Engineers and Singstad and Baille, as Consulting Engineers, owed no legal duty to the plaintiff, J. B. Thomas, and, therefore, plaintiff has no cause of action against these defendants."
It is of considerable significance, I believe, that movant has offered no affidavits, documents or depositions but has been content to merely admit the pleaded allegations of appellant's petition. Granting that a motion for summary judgment may be predicated upon the face of the pleadings, it is my opinion that a simple admission of the verity of plaintiff's pleaded allegations does not necessarily preclude the absence of a dispute as to material fact which absence must be shown to exist in order to support a motion for summary judgment.
As I understand the majority opinion, it holds that Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660, is authority for the proposition that an architect is not liable for injuries resulting from his failure to supervise a contractor's performance of work undertaken in conformity with plans and specifications prepared by the architect notwithstanding the contract contains language imposing upon the architect the duty of supervision. By analogy, the majority have applied the holding in the Day case, supra, to defendant engineering firm. In effect the majority view holds that under the rule of the Day case, supra, under no circumstances may an architect (engineer) be held liable for injuries resulting from alleged failure of supervision of a contractor's work. In so holding, the majority of the court in the instant case has, in my opinion, misconstrued the holding in the Day case, supra.
As I understand the Day case, supra, it does not hold that under no circumstances may an architect (engineer) be held liable for failure to supervise a contractor's activities irrespective of a contract clause requiring supervision of the work by the architect (engineer). The Day case, as I comprehend it, merely holds that under the contract language employed in that particular instance and the circumstances shown therein, no duty devolved upon the architect to supervise the installation of the boiler. If the Day case intended to hold as the majority view herein has indicated, in my judgment, the Day case would be clearly erroneous because it is fundamental law that parties are free to contract and may assume any obligation not contra bonos mores. Certainly there could be nothing adverse to public policy in the assumption of an architect or engineer of the duty of supervising the work of a contractor or builder. It seems to me, therefore, that the question of whether or not an architect or engineer has undertaken the duty of supervision in a given case must, perforce, depend upon the facts and circumstances in each individual instance.
It will be noted that in the Day case judgment was rendered after trial on the merits which afforded the litigants full opportunity to present evidence regarding the degree of supervision allegedly exercised by the architect in the conduct of the particular project as well as the extent of supervision contemplated by custom and usage in the field of architect-owner relationship. No such opportunity has been afforded appellant in the case at bar. The present record is devoid of evidence or admission by movant regarding the factual situation of custom or usage with respect to the supervisory duties of engineers nor is there any evidence of record touching upon the degree of supervision actually exercised by the engineer herein involved. Of further particular significance, in my judgment, is the fact that there could be violent dispute between the parties regarding *617 their mutual understanding of the term "general supervision" insofar as the term appearing in the contract applies to movant in this case. There could also be an area of dispute with respect to the meaning of the term "general supervision" as same is generally construed by custom and usage of which movant was fully aware.
Movant has not produced one single affidavit, deposition or other document but has of course inferentially conceded the truthfulness of appellant's allegations. This, of course, movant was free to do and while it is equally true a motion for summary judgment may be triable on the face of the pleadings, it is also true such a motion may not prevail until and unless movant has discharged the burden of showing the total absence of a genuine issue of fact. Therefore, in my opinion, the simple admission of appellant's pleaded allegations, does not necessarily constitute an admission of every possible factual facet of plaintiff's demand admissible upon trial. It merely admits the allegations contained in the petition as presently constituted and does not, in my judgment, amount to an acknowledgment of facts and circumstances admissible under our recently liberalized rules of procedure even though not expressly and specifically pled in plaintiff's petition.
In substance, therefore, I view the present motion for summary judgment as solely the equivalent of an exception of no cause of action as indicated by the hereinabove quoted extract from movant's brief. Basically the present motion is an exception of no cause of action filed in defense of a suit for damages for alleged breach of contract to which is annexed a copy of the contract purportedly breached. All that movant's motion does is concede the verity of the allegations and aver that assuming same to be true, petitioner has no cause of action against defendant. This, as I view the situation, does not preclude a dispute as to material facts, which though not expressly pleaded may nevertheless be admissible upon trial or subsequent amendment of plaintiff's petition.
It is settled jurisprudence that motions for summary judgment are to be cautiously granted and should be entertained by a trial court only when movant is clearly entitled thereto. Kay v. Carter, 243 La. 1095, 150 So.2d 27.
I, therefore, respectful dissent.
Rehearing denied; HERGET and LANDRY, JJ., dissent from refusal to grant rehearing.