LOTTINGER, Judge.
This is a suit filed by Riley Jenkins, as petitioner, for damages arising out of a fall which he sustained as a result of an alleged defect in a sidewalk in the City of Baton Rouge, State of Louisiana. The defendants are Woodrow F. Zachariah, and other members of his family who were al *57 leged to be owners of the abutting property, the Parish of East Baton Rouge, and the City of Baton Rouge, Louisiana. The petition alleges joint and solidary liability on all defendants. Peremptory exceptions of no cause of action were filed by the City of Baton Rouge and the Parish of East Baton Rouge, as well as the individual members of the Zachariah family. An answer and third party petition was filed by the Parish of East Baton Rouge in which they claim reimbursement from the Zachariah family in the sum of any judgment rendered against the Parish of East Baton Rouge.
A stipulation was entered into by and between the City of Baton Rouge and Parish of East Baton Rouge to the effect if there is a duty and subsequent liability for the complaints alleged in petitioner’s petition, then the Parish of East Baton Rouge was the proper party defendant.
The exceptions of no cause of action were overruled by the Lower Court. After trial on the merits, there was judgment in favor of petitioner and against the Parish of East Baton Rouge in the sum of $4,618.-50. The Parish of East Baton Rouge has appealed.
Petitioner is an elderly colored man of some seventy-two years of age. On the night of August 4, 1964, he attended a meeting at the Purple Circle Club, a social and pleasure club in the City of Baton Rouge, in which club he was a charter member. After the meeting adjourned, petitioner left the club to get a cup of coffee. Upon leaving the club he traversed a route first crossing South Street, then proceeding down South Street, then turning the corner at South Thirteenth Street and after proceeding a short distance crossed the street to the Chef’s Kitchen where he obtained the specified stimulant.
Upon leaving the eating establishment, he turned right and proceeding along the same side of the street (on the opposite side from which he had originally come) returned to South Street. Upon reaching a point on the sidewalk in front of the property at 872 South Thirteenth Street he tripped and fell, resulting in the injuries sued upon.
Petitioner returned to the location of his injury some three weeks later, after he was able to get up and around. He found that the cavitation in the pavement closely resembled an appearance that was shown by pictures introduced in evidence which were taken a month following the date of the accident. These photographs show an irregular break in the pavement of three or four feet in width with a vertical rise of two or three inches. Further, they clearly show that the defect is one of long standing. As there is grass growing in part of the break in the pavement and as pointed out by petitioner it would take some months for seed to sprout and grass to grow to such a height, it is apparent that the break was one of long standing. The break in the pavement has since been repaired.
The accident occurred at approximately 9:30 o’clock p.m. in the evening. Although petitioner testified that he had traversed this same route on some occasions in the past, he was unable to remember when was the last time. His testimony indicates that although he had been a resident of the neighborhood for a number of years, he regularly used other routes in going to and from his destination. At the time of the accident, it was dark, there were no street lights in the vicinity, and the pool hall, in front of which the accident occurred, was vacant and in darkness.
In its reasons for judgment, the Lower Court said:
“The Court of Appeal for the First Circuit has heretofore reviewed two cases of recent vintage involving similar sidewalk accidents in the City of Baton Rouge which were initiated in this court, though not before the writer of this opinion.
*58 “In the first of these cases, Brantly [Brantley] v. City of Baton Rouge, et al, (1957) 98 So. (2) 824, a lady sued for injuries received when a sidewalk slab tilted under her step. The trial court judge found that the sidewalk was in a state of disrepair, but concluded that the lady was contributorily negligent. Based upon photographs introduced in the record, the Court of Appeal reversed the trial judge, discounting possible contributory negligence on the part of the plaintiff. In a subsequent and similar case under consideration, Toppi vs Arbour, (1960), 119 So. (2) 621, a lady fell on a loose brick in the sidewalk. The trial judge concluded that despite the fact that the sidewalk was defective, he found the lady guilty of contributory negligence. Again the Court of Appeal reversed the. lower court on the basis of its finding of no contributory negligence.
“It may be observed by this Court that in the above cases the accidents occurred in broad daylight, whereas in the instant case the fall occurred at night in a dimly lighted area.
“This would serve to reduce the factors tending to show contributory negligence on the part of the petitioner. The circumstances of this case convinces the Court that Riley Jenkins was exercising due care and was taking reasonable precautions for his own safety at the time of the accident.
“The conditions and the circumstances set forth in St. Paul v. Mackenroth [246 La. 425, 165 So.2d 273], supra, closely parallel those found by the Court herein. The law applied by the Supreme Court, as well as the holdings of the Court of Appeal for the First Circuit, as expressed in Brantly [Brantley] and Arbour, lead this Court to the inescapable conclusion that the Parish of East Baton Rouge failed to properly maintain and repair the sidewalk in question after its being in a state of disrepair for a long period of time and therefore, it is responsible in damages to the petitioner for his injuries.
“There was no evidence introduced showing that the defect was occasioned through fault of the abutting property owner. Neither was it shown that the City or Parish had called upon the defendant Zachariahs to repair the pavement. As such the property owners have no liability. St. Paul v. Mackenroth, cited above.”
The defendant, the Parish of East Baton Rouge, contends that the Lower Court erred in holding that the petitioner had made out his case to a legal certainty and by a reasonable preponderance of the evidence. This contention on the part of defendant raises the objection that petitioner himself was the only one who testified regarding the occurrence of the accident^ They also contend that the photographs taken some time after the accident do not show the sidewalk in such a deteriorated condition so as to impose liability on the defendant. We believe this contention made by the defendant bears more on the question of credibility than any other. A reading of the testimony of petitioner leads us to the impression that petitioner was most straightforward and responsive to the questions propounded to him. The pictures show without a doubt that the defect in the sidewalk was one of long standing. Furthermore, we have the testimony of Dr. Charles McVea, to whom the petitioner went for treatment on the following morning complaining of a sprained wrist. The preponderance of the evidence thus shows that petitioner did have an accident at the time and at the place as well as for the caus'es alleged. No evidence has been submitted by defendants to show otherwise. Nor was there any contributory negligence shown on the part of petitioner.
With regard to quantum, the Lower Court awarded petitioner $4,500.00 to compensate him for his injuries, plus $118.-50 as special damages, or a total of $4,618.-50. Dr. McVea testified that he first ex *59 amined the petitioner in the emergency room of Our Lady of the Lake Hospital, in Baton Rouge, Louisiana, and found that the petitioner had received a comminuted fracture of the left forearm at the wrist. He testified that both bones were broken in several parts at the wrist. The distal end of the left radius was the one that was particularly disturbed by the several fractures.
Petitioner wore a splint on his left forearm until August 30, at which time he took the splint off and began using his forearm. He suffered deformity and stiffness in the forearm for quite a period of time. The last time Dr. McVea saw petitioner, during January of 1965, the petitioner was doing nicely. Disability of the left wrist consists of some limitation of motion of his wrist and a widened thickened wrist. The doctor gave him fifteen per cent disability in the use of his left arm as a result of this accident.
In assessing the damages to petitioner at $4,500.00, the Lower Court cited the case of Toppi v. Arbour, 119 So.2d 621, wherein a 56 year old woman was awarded $4,000.-00 for injuries consisting of a multiple fracture of the left wrist resulting in a ten per cent permanent disability of the left wrist.
Considering the nature of the injuries to petitioner and the resulting disability, we feel the Lower Court was correct in awarding petitioner the sum of $4,500.00 for personal injuries sustained as a result of the accident.
The Lower Court was correct in dismissing the suit as against the individual members of the Zachariah family, in view of our holding in Lee v. City of Baton Rouge, La.App., 141 So.2d 125, wherein we said:
“It is equally well settled that ordinarily an abutting owner is not responsible in damages for injuries caused by a defective sidewalk if the defect is caused through normal deterioration or in the ordinary course of events, but an abutting owner is responsible to third persons for injuries occasioned by defects created or caused by his using the street or sidewalk for some special purpose or undertaking.”
There is nothing in the record which would show that the defects in the sidewalk abutting their property was created or caused by any use thereof by the members of the Zachariah family. Although our decision in the Lee case was reversed by the Supreme Court on other grounds reported in 243 La. 850, 147 So.2d 868, this reversal is of no avail to petitioner.
For the -reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant, the Parish of East Baton Rouge, Louisiana.
Judgment affirmed.