185 So.2d 50 (1966)
Hugh G. BANES, Jr.
v.
John J. PRINZ, Jr. and May (Gipsy) Prinz et al.
No. 2160.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*51 Roos & Roos, Sidney G. Roos, New Orleans, for plaintiff-appellee.
Drury & Lozes, James H. Drury, New Orleans, for defendant-appellee.
Seelig & Levy, David H. Seelig, New Orleans, for defendants-appellants.
Before REGAN, YARRUT, and HALL, JJ.
REGAN, Judge.
The plaintiff, Hugh G. Banes, Jr., instituted this suit against the defendants, John J. Prinz, Jr., his wife, May Prinz, and the American Indemnity Company, their personal liability insurer, endeavoring to recover the sum of $75,450.00 representing damages which he asserts were incurred as a result of Mrs. Prinz's having bitten off the upper part of his right ear while an occupant of the defendant's automobile.
The insurer, American Indemnity Company, filed a motion for summary judgment wherein it denied that it had an automobile liability insurance policy in effect on any vehicle owned by Prinz or his wife and that the comprehensive personal liability policy which it had issued to them excluded injuries resulting from the operation of an automobile or from a vicious, malicious, and intentional act on the part of the insured.
No answer has been filed by any of the defendants in the original suit now pending in the lower court.
From a judgment dismissing the American Indemnity Company as a party defendant herein, for the reason that its policy of insurance excluded liability for damages caused intentionally by the insured, the defendants, John and May Prinz, have prosecuted this appeal.
The petition reveals that on September 9, 1963, Banes was a passenger who occupied the rear seat of an automobile being driven on the Pontchartrain Expressway by Prinz at a speed of approximately 45 miles per hour. He neglected to leave the expressway through the medium of the Saint Charles Avenue exit, which, of course, necessitated that he continue across the Mississippi River Bridge before he could turn around and resume his destination.
Mrs. Prinz, who was an occupant of the right front seat of the vehicle, and who had been drinking, berated him bitterly because of this error. Thereafter, she began striking him, which, of course, interfered with his control of the vehicle thereby exposing all occupants to the possibility of an accident. Prinz then prevailed upon Banes to endeavor to restrain her. While engaged in this daring and courageous effort, she suddenly bit the upper part of Banes's ear so that it was hanging by a sinew.
*52 Banes was subsequently removed to Touro Infirmary where his wound was sutured.
Banes alleges that Prinz should have foreseen, when he prevailed upon the plaintiff to restrain Mrs. Prinz, that such an injury was likely to result therefrom. He further asserted that considering the existing circumstances Prinz could and should have stopped the automobile in order to exercise control of his wife. In view of the negligence of Prinz and the intentional and malicious act of Mrs. Prinz, the plaintiff insists that he is entitled to recover damages in the amount of $75,450.00.
The only question posed for this court's consideration is whether there actually exists such a dispute of material fact between Banes and American Indemnity so as to preclude the rendition of a summary judgment herein.
Under Article 966 of the Code of Civil Procedure and the jurisprudence interpretative thereof, a summary judgment cannot be rendered if the pleadings, depositions, admissions and the affidavits contained in the record fail to reveal that there is no genuine issue of material fact, and that the mover is entitled to a judgment as a matter of law.[1] The burden of proving the absence of the existence of a dispute of a material fact is directly placed upon the mover, and all doubt must be resolved against him. If doubt exists, a trial on the merits must occur.[2] A mere belief on the part of the trial judge that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of a summary judgment and thus deprive him of a trial.[3]
In this case, it is conceded that the American Indemnity Company does not provide coverage to the defendants for the use, maintenance, and operation of an automobile by the terms of its policy, and that the injuries which form the subject matter of this litigation were not so sustained.
It is likewise conceded that the American Indemnity Company is relieved from coverage where bodily injury is caused intentionally by the exclusion provision of paragraph (C) of the policy, which reads:
"This policy does not apply:
(C) under coverages L and M, to bodily injury or property damage caused intentionally by or at the direction of the insured." (Emphasis added.)
In Lee v. City of Baton Rouge,[4] the Supreme Court impliedly indicated that the filing for a summary judgment by the defendant amounts to a judicial admission of the veracity of the allegations of the petition, thus casting doubt on the rationale emanating from Touchet v. Firemen's Insurance Company of Newark, New Jersey.[5] In view thereof, the defendant insurer insists that he is entitled to be dismissed from the suit for lack of coverage predicated on the plaintiff's allegation that Mrs. Prinz injured him intentionally.
It is apparent that the insurer is a proper party defendant herein if the policy affords coverage under the circumstances of this case. However, the existence of coverage under the policy in turn depends on whether or not Mrs. Prinz's actions were intentional. Since no pleadings have been filed on behalf of Mr. and Mrs. Prinz, there exists neither an admission nor a denial by them that she intentionally injured the plaintiff.
*53 The question then poses itself as to whether a self-serving admission of the truth of the plaintiff's allegations by the defendant insurer can be binding against its insured so as to justify a summary judgment releasing the insurer from liability to the plaintiff without simultaneously releasing the insured. It is very obvious that the interests of Mr. and Mrs. Prinz and that of their insurer are in direct conflict. The insurer, in an effort to avoid coverage, and in an apparent violation of that portion of the policy which requires it to defend its insureds, has admitted facts which would directly expose Mr. and Mrs. Prinz to a judgment in favor of the plaintiff. Under these circumstances, it is quite obvious that the insurer's admissions are not binding on its insureds. Therefore, there remains a material issue of fact herein.[6] The facts at issue are the very facts necessary to determine whether coverage applies under the defendant insurer's policy.[7] The existence of such glaring issue of material fact obviously precludes the rendition of a summary judgment in this case in its present posture. The motion therefor, as we have said on other occasions, is a procedural device that is designed to avoid a trial on the merits when their exists no material issue of fact.
For the foregoing reasons, the judgment of the lower court maintaining the defendant insurer's motion for summary judgment is hereby reversed, and the case is remanded to the lower court for such further proceedings as the nature of the case may ultimately require.
The American Indemnity Company is to pay all costs of this appeal; all other costs are to await a final determination hereof.
Reversed and remanded.
NOTES
[1] Snell v. Intercoastal Airways, Inc., 139 So.2d 70 (La.App.1962); Haspel v. Treece, 150 So.2d 120 (La.App.1963); B-W Acceptance Corp. v. Clarkson, 154 So.2d 67 (La.App.1963).
[2] Haspel v. Treece, supra; Wilkinson v. Husser, 154 So.2d 490 (La.App.1963).
[3] Jacobs v. Beck, 141 So.2d 920 (La.App. 1962).
[4] 243 La. 850, 147 So.2d 868 (1962).
[5] 146 So.2d 441 (La.App.1962).
[6] See 3 Barron and Holtzoff, Federal Practice and Procedure, § 1235, at 142-144.
[7] Although it was neither argued nor briefed, it seems reasonable to assume that coverage is in force since the plaintiff alleges that Mr. Prinz was guilty of negligence.