211 So.2d 754 (1968)
WHITE FACTORS, INC.
v.
F & B SUPPLIES, INC.
No. 3118.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1968.
*755 Dodge & Friend, Joseph E. Friend, New Orleans, for plaintiff-appellee.
Richard P. Massony, Metairie, for defendant-apellant.
Before SAMUEL, CHASEZ and HALL, JJ.
SAMUEL, Judge.
This suit for $3,030, the face value of three negotiable instruments plus cost of protest, together with interest thereon, was filed by a New York corporation, which alleges itself to be a holder in due course, against the drawee-acceptor, a Louisiana corporation. The defendant answered, denying all allegations of the petition except amicable demand, and filed a third-party demand against the drawer-payee of the instruments, Simen Systems, Inc., also a New York corporation; as defendant it prays for dismissal of the suit; as third-party plaintiff it prays for judgment over against Simen in the event of an adverse judgment on the main demand. The third-party defendant has not made an appearance. The original plaintiff and the original defendant hereinafter are referred to only as "plaintiff" and "defendant".
Plaintiff filed a motion for summary judgment. After trial thereon, originally set for May 26, 1967 but continued to and held on October 17, 1967, the rule was made absolute and a summary judgment was rendered in favor of plaintiff and against the defendant in the amount in suit. Defendant has appealed.
The three instruments are trade acceptances in the amount of $1,000 each, dated January 23, 1965, payable respectively to the order of the third-party defendant, Simen, on March 23, April 23 and May 24, 1965, drawn by Simen on the defendant and accepted by the defendant on January 23, 1965. Simen's endorsement in blank appears on each instrument.
The third-party demand alleges: Defendant had been appointed distributor of electronic equipment for Simen from which it received certain sample line or working items. It had given the trade acceptances to Simen as a deposit to secure payment for such of those sample items as would not be returned to Simen under an agreement between the two third-party litigants by which Simen was prohibited from discounting or selling the instruments and in which Simen *756 guaranteed a refund of the deposit for any items returned. This was the only consideration given for the instruments. On January 27, 1965 defendant received notice from "Hobbs Company" of New York stating the instruments had been presented to them for discount and inquiring as to their validity. On March 16, 1965 defendant stopped payment on the instruments and on March 29, 1965 it returned all of the items belonging to Simen and requested return of the instruments.
In connection with its motion for summary judgment plaintiff filed an affidavit given by its secretary and a deposition it had taken from defendant's president. The affidavit states that, within the personal knowledge of the affiant, plaintiff had purchased the instruments from Simen on February 8, 1965 giving therefor a plaintiff check in the amount of $2,846.40, which check subsequently was negotiated by Simen; the purchase was made in good faith and without knowledge of any infirmity of the instruments, if an infirmity did in fact exist; and plaintiff was in no way connected with Hobbs Factors or Simen. The record also contains the instruments in suit and the original protests for nonpayment thereof. Defendant offered no evidence of any kind in connection with the motion for summary judgment.
In this court defendant contends: (1) as shown by its answer, its third-party demand and the deposition of its president taken by plaintiff, there remains a genuine issue of material fact, i. e., whether there was some connection between or among plaintiff, Simen and Hobbs Factors which prevents plaintiff from being a holder in due course; and (2) until the third-party demand is disposed of there should be no summary judgment.
Applicable to the first contention are LSA-C.C.P. Arts. 966 and 967, both as amended by Act 36 of 1966. In pertinent part those articles provide:
"* * *. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. Art. 966.
"* * *
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." LSA-C.C.P. Art. 967 (Emphasis ours).
As we have pointed out, defendant offered no evidence of any kind in opposition to the motion for summary judgment. In support of its argument that there remains a genuine issue as to material fact it relies solely on its answer, its third-party demand and its president's deposition taken and offered by the plaintiff. But under the plain wording of the quoted and emphasized portion of Article 967, the defendant cannot rest on the mere allegations or denials contained in its pleadings. If summary judgment was otherwise appropriate, in order to defeat the motion, defendant was required to set forth, by affidavit or other evidence as provided by the pertinent articles, specific facts showing there was a genuine issue of material fact for trial.
We are satisfied that summary judgment was "otherwise appropriate". *757 Each instrument is complete and regular on its face; in his deposition defendant's president admits acceptance of the instruments by the defendant for consideration; and, particularly in view of LSA-R.S. 7:59 (N.I.L. § 59) providing that every holder is deemed prima facia to be a holder in due course, the affidavit offered by plaintiff set forth facts showing plaintiff to be a holder in due course.
Those portions of the deposition relied on by defendant to cast doubt on whether plaintiff can be a holder in due course because of its connections with Simen or Hobbs do not set forth any specific facts showing there was a genuine issue for trial. When asked whether he had any knowledge connecting plaintiff with the third-party defendant he failed to answer the question beyond stating: "But it seems that some of the reports I received showed that A. W. Sutter [apparently a third-party defendant official] was at that time obligated to White Factors, Incorporated, Hobbs Company, including others." When asked if he had any knowledge that "Hobbs Company" had any connection with plaintiff he answered there would be no reason for him to have such knowledge.
Our reading of the deposition shows the only possible support defendant can obtain therefrom is that plaintiff and the third-party defendant may have been connected in some way and as a result of that possible connection, when and if shown, defendant may be able to defeat plaintiff's claim to be a holder in due course. The defendant is attempting to create a factual issue by argument alone; it relies on evidence showing only suspicion without factual basis therefor.
Defendant's second contention, that there should be no summary judgment until the third-party demand is disposed of, also is without merit. We find no allegations in that demand which could affect defendant's liability to the plaintiff as a holder in due course. In addition, defendant admits the third-party defendant is a foreign corporation, not licensed to do business in this state and without an agent for services of process in this state. Service of process was attempted to be made, without a court order authorizing the same, by service only on the Secretary of State. We know of no provision of law by which such service could bring the third-party defendant within the jurisdiction of the court. And, although we do not decide whether, if made, the same would be valid and effective, we note that no attempt was made to serve the non-resident defendant under the provisions of LSA-R.S. 13:3201 et seq. It is quite clear the defendant cannot be permitted to delay the orderly process of the suit for an indefinite period simply by filing a petition against a third-party. As we have pointed out, there was more than a six month delay prior to the hearing on the rule for summary judgment in connection with the summary judgment alone.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.