BOUTALL, Judge.
This is a suit by a material man against a subcontractor, contractor and surety on a public works job in New Orleans. The various defendants filed answer to plaintiff’s petition and thereupon plaintiff filed a motion for summary judgment. The trial court rendered a summary judgment in favor of the plaintiff against all defendants for the amount of the claim plus 10% attorney’s fees, and the contractor and the sureties have taken this appeal. The sole question before the court is whether the affidavits and exhibits furnished in connection with the motion for summary judgment present a genuine issue of fact for trial.
Plaintiff’s petition alleges that it sold a certain walk-in cooler to I. A. Kramer Service, Inc., a subcontractor to Quinn Construction Company, Inc., general contractor, and that this cooler, together with the related equipment, was installed by Kramer at the new McDonogh #24 Public School in the City of New Orleans. It further alleges that the price of the materials furnished has not been paid, and for purpose of security, plaintiff filed an affidavit of lien in accordance with the Public Works Statute. Based on these allegations plaintiff seeks to recover payment from the subcontractor, Kramer, the general contractor, Quinn, and the surety on the contract, National Surety Corporation. It is further alleged that the lien of plaintiff was bonded out by the Firemens Fund Insurance Company, and, accordingly, it is made a party defendant.
The defendant, I. A. Kramer Service, Incorporated, filed a general denial to plaintiff’s petition. The other defendants answered and basically admitted all of plaintiff’s allegations, except that they denied the furnishing and installing of the equipment and that there was any amount due and owing by them or by the other defendant, I. A. Kramer Service, Incorporated. In connection with their answer, they further allege that Mr. Irvon A. Kramer signed an affidavit of indemnity and surety in favor of Quinn Construction Company, and, accordingly, they instituted a third party demand against Mr. Kramer individually.
The plaintiff thereupon filed a motion for summary judgment, and in connection therewith filed an affidavit of one of its officers and the deposition of Irvon A. Kramer, the President of I. A. Kramer Service, Inc. previously taken in connection with the lawsuit. In response to the motion for summary judgment, Quinn Construction Company, Inc., and National Surety Corporation filed an opposition and attached the affidavit of F. Pat Quinn, Jr., President of Quinn Construction, Inc. Firemens Fund Insurance Company and I. A. Kramer Service, Incorporated did not make any written opposition nor file any affidavits. Judgment was rendered in favor of the plaintiff and against I. A. Kramer Service, Incorporated, Quinn Construction Company, Incorporated, Firemens Fund Insurance Company and National Surety Corporation, individually and in solido. From that judgment, Firemens Fund Company National Surety Corporation and Quinn Construction Company, Inc., take the present appeal.
The appellants urge to this court that summary judgment should not have been granted in this case because there is a material issue of fact existing between the parties, i. e., the installation of Bally’s material on the construction job in question, either in whole or in part. They contend *561 that the judgment was based upon the dep^ osition of Mr. Irvon A. Kramer, who admitted all of the facts necessary to judgment by the plaintiff, and that under the doctrine of the case of Banes v. Prinz, 185 So.2d 50 (La.App. 4th Cir. 1966), the deposition of Mr. Kramer is or amounts to the self-serving admissions of an insurer, and cannot be binding against the insured, so as to justify a summary judgment. It therefore becomes necessary to examine the basis of the rendition of summary judgment and the applicable law.
As previously mentioned, the plaintiff filed two documents in connection with its motion for summary judgment, the first an affidavit of its officer, and the second the deposition of Mr. Kramer. The affidavit is that of Mr. K. G. Kern, credit manager of plaintiff, whose affidavit specifically states that plaintiff sold and delivered to I. A. Kramer Service, Inc. a walk-in cooler, fully equipped, described in an attached invoice which detailed the materials furnished, and, further, that this equipment was shipped to 419 Verdette Street, New Orleans, Louisiana, for the purpose of being installed permanently in the Mc-Donogh #24 Elementary School at that address, and, in fact, was so installed by I. A. Kramer Service, Inc. The affidavit then recites that the cooler and the related equipment was installed in such a manner as to be permanently a part of the school building; that no part of the price had been paid to plaintiff by anyone, and that all of the facts necessary to the preservation of its lien were taken, detailing them specifically.
The deposition of Mr. Irvon A. Kramer admitted all of these facts: the purchase of the items, the receipt of the items, and installation of them in a permanent manner, and that no payment had ever been made. He further recited that Quinn Construction Company was retaining under its contract some $29,000.00 or thereabouts and had made no payment on the equipment although it had been operating properly ever since its installation. In response to questions put to him by counsel for appellants, subject to his prior objection noted, he said that although he had done other mechanical work on other schools, he had no jobs to install such a walk-in cooler.
In opposition to this the appellants rely upon the affidavit of Mr. F. Pat Quinn, Jr., President of Quinn Construction Company, Inc., in which he admits the various contracts between Quinn Construction Company and I. A. Kramer Service, Incorporated; that Bally Case and Cooler, Inc., filed a lien in connection with the furnishing of the cooler and that the lien was bonded out. However, he recites that he does not know what the items invoiced on the invoice in question reflect nor is he sure that the items invoiced thereon were actually used on the job site or actually delivered to the job site since the invoice does not show a delivery receipt. The affidavit further recites that at the time that this work was going on, I. A. Kramer Service, Incorporated was doing work on at least two other school plans, both of which included similar or like equipment, and that there is therefore a material issue of fact as to delivery and use of the equipment. The affidavit further recites that the affiant does not know whether any funds paid for the other equipment used were paid on this invoice or should have been applied to the invoice, rather than other invoices issued by plaintiff. The affidavit further recites that although Mr. Kramer admitted under oath that the debt was due, that, because of the fact that Mr. Kramer had filed bankruptcy proceedings personally, it would be to his advantage to make such an admission in order to relieve Mr. Kramer individually of any liability which he may have to Quinn Construction Company, Inc., under the surety or indemnity agreement, and would allow I. A. Kramer Service, Incorporated to proceed with the collection of any funds due it from *562 other contracts existing for work done by the corporation.
As this court views the affidavit in opposition, it is apparent that the affidavit does not specifically deny any material fact which was put into issue by the plaintiff, but simply says that it does not know whether such facts exist. The documents in support of the motion for summary judgment set forth specific, material facts. When the motion for summary judgment is supported by such facts, the adverse party may not rest on the mere allegations or denials of his pleadings, but must in response set forth equally specific facts showing that there is a genuine issue for trial. LSA-C.C.P. arts. 966 and 967. An examination of the adverse affidavit shows that it does not allege any specific facts at all, but simply recites that the affiant, in effect, denies the plaintiff’s facts because of lack of knowledge thereof. It does not deny that the items were delivered or used on the job, it simply recites that Quinn Construction Company, Inc. does not know what the items reflect nor is Quinn sure that the items invoiced were actually used on the job or actually delivered to the job. Similarly, in connection with payment, the affidavit simply says “ * * * nor do we know whether any funds paid for the other equipment used was [sic] paid for on this invoice * * * These are not the specific allegations of fact necessary to show that a genuine issue exists under the provisions of the law. It amounts to no more than a general denial in the answer for lack of sufficient information to justify a belief.
In further consideration of the affidavit, the court notes that the entire thrust of the affidavit is to the effect that Mr. Kramer may serve his own purpose by admitting the allegations of the plaintiff. While the veracity and motives of Mr. Kramer would be a matter to consider on a trial of the merits or on a trial in the bankruptcy proceedings, they are not of concern here. Since the appellants concede that both Mr. Kramer individually and I. A. Kramer Service, Inc. are presently in bankruptcy, the court could just as easily speculate that there could be no advantage to him as easily as it could speculate that there could be advantage to him. However, this is unnecessary for one simple reason which appellants, do not mention, and, that is, that even if the entire deposition of Mr. Kramer was disregarded, there exists the affidavit of plaintiff’s officer which of itself is sufficient for summary judgment.
We refer to the case of Banes v. Prinz, supra, relied upon by appellants as authority for their position. We note that there are material differences in the factual and procedural aspects which would distinguish the instant case from the Banes case. In that case, an insurance company was seeking to use the deposition of its insured, which would have the effect of relieving the insurer of all liability, and imposing liability upon the insured. The court noted that this was despite the fact that, under its policy of insurance, the insurer owed a contractual obligation of defense to the insured, and that the position the insurer was taking was adverse to the position that it must contractually bear. At this stage of the proceedings, the insured had not answered or otherwise responded to the law suit, and his position was not known. In the present case, the statements of Mr. Kramer do not cause him any release of liability whatsoever. His personal affairs are involved in a bankruptcy proceeding, and the only benefit that he can obtain, would be under the possibility that he has defrauded the appellants in some way and is seeking to be released from the effects of his fraudulent actions. The appellants do not allege anything of this nature, they simply suggest in argument that there may be some nebulous advantage to him in the bankruptcy proceedings Although the affidavit they furnish does not indicate that *563 I. A. Kramer Service, Inc. is also in bankruptcy, this fact is conceded to us in brief on appeal. This negates the basis of defendant’s supposition. Additionally, although there is no evidence in the record to the effect that Mr. Kramer has any financial interest in the assets of I. A. Kramer Service, Inc., the allegations of the affidavit certainly give rise to such a conclusion, and it seems illogical to assume that he would admit to facts which resulted in a judgment against his own company.
This court is of the opinion that the situation in this case more nearly approaches the rationale of White Factors, Inc. v. F & B Supplies, Inc., 211 So.2d 754 (La.App. 4th Cir. 1968). In that case the depositions in question in the summary judgment proceedings simply asserted that it appeared that there was some relationship between plaintiff and certain other parties, which would have the effect of casting doubt upon whether the plaintiff in that case was a holder in due course of certain promissory notes because of the plaintiff’s connections with the third parties and the possibility of pleading certain defenses. The court in that case held that it was necessary that specific facts be set forth showing that there was a genuine issue for trial, and that the defendant in that case was attempting to create a factual issue by argument alone, relying on evidence casting only suspicion without the factual basis therefor. Similarly, in this case there is only argument and supposition set forth in the affidavit, together with such other statements as are based only upon lack of knowledge or belief. There is no showing that the appellants could not have secured such facts as would enable them to furnish a proper affidavit, and upon such a showing, the court had the authority under LSA-C.C.P. art 967 to order a continuance to permit the acquisition of such knowledge. Under the facts and law as are apparent in this case, we are of the opinion that the decision of the trial judge was correct.
The plaintiff has answered the appeal in this case and has requested us to award damages for a frivolous appeal under the provisions of LSA-C.C.P. art. 2164, as well as damages and attorney’s fees as a penalty for arbitrary and capricious refusal of an insurer to pay a proper claim under LSA-R.S. 22:658. While we have decided that the position of the appellants is erroneous, we cannot say that it is .frivolous.
Appellee’s claim of damages under LSA-R.S. 22:658 against the two surety company defendants herein, recites that it is based upon their failure to pay the judgment in the proceedings below. They have taken a suspensive appeal from that judgment and have posted the proper bond in connection therewith. They cannot be charged with statutory penalties for exercising a right which the law grants them.
For the reasons hereinabove stated, we are of the opinion that the judgment of the trial court, maintaining the summary judgment in favor of plaintiff in the amount of $3721.59, together with 5% per annum interest thereon from September 2, 1969, until paid, plus 10% attorney’s fees on the aggregate of principal and interest, against the defendants, individually and in solido, should be affirmed. Appellants to pay all costs of this appeal.
Affirmed.