GULOTTA, Judge.
This is an appeal from a summary judgment in favor of plaintiff-lessor canceling a lease-contract entered into on May 13, 1970, by plaintiff and defendant-lessee. The judgment of the trial court denied defendant’s motion for summary judgment seeking dismissal of plaintiff’s suit and reserving his right to seek damages.
According to the terms of the lease, plaintiff leased the ground to the defendant contemplating that buildings would be constructed for use as a shopping center. Incorporated in the lease were provisions requiring the lessee to furnish or to have furnished workmen’s compensation, builders’ risks and comprehensive public liability insurance during the course of the work for the protection of the lessor during the term of the lease and to furnish certificates of insurance to plaintiff evidencing such coverage.
The pertinent parts of the lease provide as follows:
Section II:
“ * * * Lessee shall either obtain at his expense or require all contractors employed to do any such work to carry all requisite forms of insurance during the course of the work, including, but not limited to, workmen’s compensation, builders risk, comprehensive public liability insurance, such insurance to be written, where appropriate, in the name of the Lessor as an additional insured.” (emphasis ours)
part of Section VIII which reads:
“ * * * The parties further covenant and agree that LESSOR and LESSEE or anyone claiming by, through or under them, shall be named as co-insureds as their respective interest may appear and that LESSEE shall deliver to LESSOR certificates of said Insurance and of renewals thereof from time to time during the term of this lease.” (emphasis ours)
and a portion of Section XIV:
“[0]r if LESSEE shall fail to promptly keep and perform any other affirmative covenant of this Lease, strictly in accordance with the terms of this Lease and shall continue in default for a period of Thirty (30) Days after written notice thereof by LESSOR of default and demand of performance, then and in any such event and as often as any such event shall occur, at the option of the LESSOR, the rent for the whole unexpired term of this lease shall at once become due and exigible, and LESSOR shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease. * * * (emphasis ours)
Lessor’s contention is that no certificate of insurance was furnished and according to the terms of the lease, this vitiates the same at the option of the lessor.
In a supplemental and amended petition, the lessor seeks the cancellation because of lessee’s non-payment of rent.
The affidavits attached to plaintiff’s motion for summary judgment set forth that no insurance was in effect during the term of the lease and that Marshall Brown Insurance Agency, Inc., canceled its insurance on the subject property in February, 1971. Although the affidavit attached to the motion for summary judgment did not state that certificates of insurance were not furnished, it went even further in stat *168 ing why, i. e., because no insurance was furnished.
The law is clear that when a motion for summary judgment is made with supporting affidavits, the adverse party may not rely on the allegations contained in his pleadings but must offer countervailing affidavits showing there exists a genuine issue of fact. See: LSA-C.C.P. 967[1]; Boothe v. Fidelity & Casualty Company of New York, 161 So.2d 293 (La.App. 2d Cir. 1964); White Factors, Inc. v. F & B Supplies, Inc., 211 So.2d 754 (La.App. 4th Cir. 1968).
We find defendant’s countervailing affidavits fatal in that they failed to show a genuine issue of material fact. Defendant’s affidavits do not contain any statement that certificates of insurance were provided or that insurance coverage was in effect from May 13, 1970, the date of the lease, to October 7, 1970, the date suit was filed.
Defendant by third party petition im-pleaded the Marshall Brown Insurance Agency alleging that in the event that the lease is canceled, Brown’s failure to furnish the certificates of insurance as requested by defendant resulted in damages to the lessee, the third-party plaintiff. Further in the third party petition, the lessee states that Brown had issued policies of insurance as required and refers to a letter from the Brown agency indicating coverage between the time the lease was signed and the suit was filed. It is significant that this letter was never made a part of defendant-lessee’s counter-affidavits nor made a part of defendant’s motion for summary judgment.
Brown filed an exception of no cause of action to the third party petition. That matter is still pending in the trial court and is not before us.
The trial judge in his written reasons for granting the motion for summary judgment stated that defendant admitted in its “Answer and Third Party Petition” filed on November 23, 1970, that Marshall Brown Insurance Agency, Inc., did not place the insurance until October 14, 1970, a week after plaintiff had filed suit and plaintiff was not furnished with certificates of insurance until October 22, 1970. The trial judge reasoned that despite plaintiff’s allegation that there had been full insurance coverage at all times, the evidence clearly indicated that there was no coverage from the time the lease was entered into until a week after suit was filed.[2]
We note, sua sponte, under the terms of the lease that if lessee defaults for a period of 30 days after written notice, the lessor may, at his option, seek cancellation. The affidavit attached to plaintiff’s motion for summary judgment stated that a letter advising lessee of the default was mailed on September 3, 1970, to the address of the lessee designated in the lease. Attached to the motion was a certified receipt for delivery of the letter dated September 9, 1970, indicating receipt by the lessee on that day. The suit was filed on October 7, *169 1970, and at first impression it might appear that the thirty-day requirement of notice was not made.
However, according to the lease, under Paragraph XIX notice is deemed to have been given as of the time that the said notice is deposited in the United States mail. In the absence of a countervailing affidavit that the letter was not mailed on September 3, 1970, there does not exist a genuine issue of material fact in this respect. We might additionally observe that delivery and receipt of certified mail may, and does in many instances, require a longer period of time than does ordinary mail because of the requirement that someone must be present to receipt for delivery of certified mail.
We are of the opinion that the trial judge properly granted plaintiff’s motion for a summary judgment and properly denied defendant’s motion for the same.
Accordingly, the judgment is affirmed.
Affirmed.

. “Art. 967.
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of Ms pleading, Tmt his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. * * * ” (emphasis ours)

. These reasons were reiterated in the trial judge’s denial of the motions for new trial.