BOUTALL, Judge.
This is an appeal from a summary judgment in favor of plaintiff, awarding plaintiff a money judgment for money erroneously paid to defendant. Defendant-appellant contends that the trial court erred in awarding judgment for plaintiff because there was a genuine issue as to a material fact, and that, as a matter of law, plaintiff is not entitled to recover money paid on a natural obligation.
The affidavits and the documents attached thereto, clearly show that there is no genuine issue of material fact, and that summary judgment is proper.
Plaintiff’s affidavits and documents show that plaintiff is the owner of a chain called Hopper’s Drive-Ins, and that it sought repairs of a Hopper’s Drive-In in Baton Rouge, Louisiana. It contracted with Bob’s Tile Shop of Baton Rouge, Louisiana to do these repairs, which were accomplished at a net price of $1,547.42. Upon presentation of the statement of Bob’s Tile Shop, plaintiff erroneously issued a check in that exact sum to Bob’s Roofing and Sheet Metal of New Orleans. Shortly thereafter, Bob’s Tile Shop inquired as to the reason for non-payment, and upon investigation, it was discovered that the check in payment had been sent to Bob’s Roofing and Sheet Metal rather than Bob’s Tile Shop. Plaintiff further declared that no sums were ever due or owed by plaintiff to Bob’s Roofing and Sheet Metal Company, and refers to the construction of a Hopper’s Drive-In in Metairie, Louisiana, wherein the general contractor was Pinkerton and Laws (on this contract Bob’s Roofing and Sheet Metal was a subcontractor). Plaintiff paid the total contract price to the general contractor for this construction, and no amount is owed to the general contractor.
The defendant furnished an affidavit stating that Bob’s Roofing and Sheet Metal *296 Company was a subcontractor to Crown Air Conditioning and Heating, Inc., agreeing to manufacture and install all air volume extractors and all duct lines and grilles together with related work, for a total contract sum of $2,041.00, at Hopper's Drive-In in Metairie. Upon being refused payment by Crown Air Conditioning, defendant filed a law suit for the contract price and collected some of the money, leaving a balance owed on its judgment of $1,647.-37. On February 3, 1969, defendant’s attorney wrote a letter to plaintiff asking for assistance in collecting the balance due. A few days later his attorney received a reply that the matter would be investigated and he would be contacted in the very near future. In May, 1969, defendant received the check in question from plaintiff, in the sum of $1,547.42. He states that he received the check as partial payment of the balance due and owing, and that he has no knowledge that the check was issued in error.
Thus we.conclude that there is no genuine issue here as to any material fact. The only issue is the conclusion to be drawn from the facts so1 related, that is, whether the payment was made in error, or whether the payment was made as a result of a valid obligation owed by plaintiff to defendant for his work on the Metairie Hopper’s Drive-In. Appellant in brief argues to us that a genuine issue exists because in his answer he denied the allegations of plaintiffs petition that no monies are due to him, and further sets out that he was induced to remain on the job until he completed his work, by reason of promises from agents of plaintiff that payment would be made to him by a check payable to both him and Crown Air Conditioning. Had he presented these facts in his affidavits in opposition to the motion for summary judgment, it may very well be that a material issue of fact is raised. However, LSA-C.C.P. art. 967 provides :
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
Where documents in support of a motion for summary judgment set forth specific material facts, the adverse party may not rest on the mere allegations or denials of his pleadings but must in response set forth equally specific facts showing that there is a genuine issue for trial. Bally Case and Cooler, Inc. v. I. A. Kramer Service, Inc., 252 So.2d 559 (La.App. 4th Cir., 1971). The facts above referred to are set out only in defendant’s answer and do not appear in his affidavits or documents in opposition to the motion, thus we do not consider them. An examination of the proof offered by both sides, set out above, shows no conflict or dispute about the facts offered by the parties, and summary judgment is proper.
Since there is genuine issue of material facts before us, the only issue to be resolved is the applicable law to be applied to these facts. The basic law of this suit is set out in Louisiana Civil Code arts. 2301-2304, which are quoted below:
“Art. 2301. Obligation to restore thing unduly received.
He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.”
“Art. 2302. Right to reclaim thing unduly paid.
He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.”
“Art. 2303. Payment made on natural obligation.
To acquire this right, it is necessary that the thing paid be not due in any *297 manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery.”
“Art. 2304. Thing not due.
A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released.”
The question that is thus presented is whether or not a natural obligation exists, such as to defeat recovery of the payment. Defendant is a subcontractor to a subcontractor to the general contractor of a building of private works, and it is conceded that the contractual situation is such that his rights are governed by the provisions of LSA-R.S. 9:4812. The defendant argues to us that although his right against the plaintiff has prescribed, plaintiff nevertheless had a natural obligation to pay, and refers us to the provisions of LSA-C.C. art. 1757(2) and art. 1758(3), which are set out as follows:
“Art. 1757. Kinds of obligations: imperfect, natural, civil
Art. 1757. Obligations are of three kinds: imperfect obligations, natural obligations, and civil or perfect obligations.”
“Art. 1757(2)
“A natural obligation is one which can not be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice.”
“Art. 1758. Natural obligations
Art. 1758. Natural obligations are of four kinds:
“Art. 1758(3)
When the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished.”
However, this is not a case of simply having a prescribed claim. Because the defendant is a subcontractor, he had no method of enforcing against the owner a claim for work performed under his subcontract, but only had recourse against those with whom he contracted, until the enactment of LSA-R.S. 9:4812, supra. To obtain an enforceable obligation under the provisions of that statute he must file a lien, or affidavit of claim. It is conceded that none was filed by him. Therefore, it is not a matter of prescription of his claim, but a matter of peremption of his claim. The claim never comes into being, as far as the owner is concerned, because of lack of compliance with the requirements of the statute that create the owner’s obligation to him.
Nevertheless, defendant insists that because he, as subcontractor, did work inuring to the benefit of the owner of the premises, a natural obligation of the owner arises in his favor. However, the owner only obliges himself to the general contractor, and in no sense of the word obliges himself to a subcontractor. The making of the obligation to the subcontractor is solely the responsibility of the general contractor, and thus it does not come within the definition of natural obligation set out in Art. 1757(2), “. . . which is binding on the party who makes it, . ”. The owner’s only obligation is to pay the general contractor as provided in the contract. When, as here, he fully discharges that obligation, no natural obligation to pay subcontractors can arise. The owner certainly cannot thus “in conscience and according to natural justice” be made to pay twice.
The trial judge found that there was no natural obligation that existed between the parties and we conclude that he is correct under the provisions of arts. 1757 and 1758. There being no natural obligation, and the facts demonstrating that the payment was made in error, the plaintiff is entitled to recover the money er~ *298 roneously paid. Accordingly, we affirm the judgment of the trial court granting summary judgment in favor of plaintiff. Appellant to pay all costs of these proceedings.
Affirmed.'