HEARD, Judge.
Louise McCall filed this action against Isaac Abramson to recover $1,303.59 she had paid defendant. On December 31, 1968, she purchased from defendant by credit sale deed the North One-Half (N y%) of Lot One (1), Nickens Subdivision. Before purchasing it, she examined and was shown the property which had a house on it. Her purpose in buying the land was to obtain a home. On May 26, 1970, the Texas and Pacific Railway Company informed plaintiff that most of the house was located on the railroad’s land. The amount claimed is her down payment of $210, plus the monthly payments made until she left the house.
Plaintiff alleged the purchase was made in error because she understood the object of the contract was a house located on the lot, and what she in fact purchased was a lot with only a portion of the house on it, and as a result she did not give the consent necessary to form a valid contract. She further alleged defendant told her she was buying both.
Abramson answered with a general denial and further alleged he had good valid prescriptive title. In the alternative, he alleged since she remained on the property three years and “the amount which she paid was less than the amount which she is complaining in” she is therefore not entitled to any compensation.
Plaintiff then filed a motion for summary judgment with the following supporting evidence: (1) a certified copy of a mortgage whereby Celeste Reed Valentine mortgaged all of Lot 1, Nickens Subdivision ; (2) a certified copy of Sheriff’s sale deed whereby Lot 1, Nickens Subdivision was sold to Miller and Wise Construction Company; (3) a certified copy of a deed whereby defendant purchased the North One-Half (Nj/á ) of the lot; (4) defendant’s deposition; (5) an affidavit of Sydney B. Nelson; (6) an affidavit of plaintiff ; (7) a certified copy of defendant’s *289 deed to plaintiff; and (8) two surveys of the property. These documents allegedly show Abramson knew the size of the lot at the time of sale to plaintiff and that the house was not on it. Defendant filed no affidavits or evidence on his behalf. The motion for summary judgment was granted by the trial court and defendant appealed.
Defendant specifies the following errors: (1) the court did not give him an opportunity to prove he had prescriptive title to the property sold, and (2) the court did not allow him reasonable rental value of the property. Plaintiff contends defendant’s failure to file counter affidavits or evidence in support of his claims presents no defense and the judgment should be affirmed.
The rules governing a motion for summary judgment are set forth in LSA-C.C. P. Arts. 966 and 967. The latter article states, in part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
As we have pointed out, defendant offered no evidence of any kind in opposition to the motion. In support of his argument, he relies solely upon the allegations in his answer. Under the plain wording of the article, however, defendant cannot rest on the mere allegations or denials contained in his pleadings. If summary judgment was otherwise appropriate, in order to defeat the motion, defendant was required to set forth, by affidavit or other evidence as provided by the pertinent articles, specific facts showing there was a genuine issue of material fact for trial. Iacoponelli v. Curro, 260 So.2d 166 (La. App., 4th Cir. 1972); Miller v. East Ascension Telephone Company, 263 So.2d 360 (La.App., 1st Cir. 1972); and White Factors, Inc. v. F & B Supplies, Inc., 211 So.2d 754 (La.App., 4th Cir. 1968). An examination of the proof offered by both sides, set out above, thus shows no conflict or dispute about the facts offered by the parties, and summary judgment is appropriate. Dobbs House, Inc. v. Hastings, 265 So.2d 294 (La.App. 4th Cir. 1972).
Since there is no genuine issue of material fact before us, the only issue to be resolved is the applicable law to these facts. Defendant’s first contention that he has good valid prescriptive title to the property is of no consequence. Abramson sold plaintiff one-half of a lot with only a portion of a house on it. Had he owned the house and land upon which it stood, he did not transfer it to plaintiff by this act of sale.
Defendant’s claim for reasonable rental value of the property is also without merit. There is no contractual or legal relationship between Abramson and Louise McCall which entitles him to any compensation. The record before us shows the majority of the house is on land owned by the Texas and Pacific Railway, not Abramson. He is not entitled to any rent. Nor can he claim compensation under the equitable doctrine of unjust enrichment, LSA-C.C. Art. 1965, as he himself is not free from any unlawful or inequitable conduct in that he knew the house was not on the lot when he sold it to plaintiff. Rhodes v. Miller, 189 La. 288, 179 So. 430, 432 (1938); Dipuma v. Dipuma, 136 So.2d 505; 508 (La.App., 1st Cir. 1961). We further find the doctrine of quantum meruit inapplicable as defendant rendered no services, and the benefits, if any, which plaintiff received in using the property were negligible, and were not proven.
The judgment appealed is therefore affirmed at appellant’s cost.