334 So.2d 541 (1976)
Charles LAUFER, husband of/and Rachel Laufer
v.
TOURO INFIRMARY et al.
No. 7400.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1976.
Dunn & Rasch, Ltd., Michael H. Rasch and Wayne W. Yuspeh, Metairie, for plaintiffs-appellants.
Law Offices of Joseph J. Weigand, Jr., Houma, Christopher B. Siegrist, Metairie, for Touro Infirmary and Argonaut Southwest Ins. Co., defendants-appellees.
Drury, Lozes & Curry, James H. Drury and Madison C. Moseley, New Orleans, for Otis Elevator Co. and Commercial Union Ins. Co., defendants-appellees.
Before GULOTTA, STOULIG and MORIAL, JJ.
GULOTTA, Judge.
Plaintiffs appeal from a dismissal by summary judgment of their suit, arising out of a February 9, 1974 accident in which the plaintiff-wife was injured when exiting from an elevator, installed and maintained by the Otis Elevator Company, and located in Touro Infirmary.
Rachel Laufer, a 78-year old woman, and her sister were passengers in an ascending elevator at Touro. Because of a malfunction, the elevator jerked while ascending and stopped between the second and fourth floors. After calls for assistance had been made by the occupants, the elevator, in a jerking motion, continued to ascend, stopping at the fourth floor.
Plaintiffs allege that while Mrs. Laufer attempted to exit the elevator, she "fell from the elevator when it failed to stop level with the floor and jerked". Plaintiffs' petition further alleges that Touro Infirmary "retained control and supervision" *542 over the elevator and that Touro "knew or should have known of the unsafe and defective condition" of the elevator. With respect to Otis Elevator Company, plaintiffs' petition alleges that Otis "manufactured, installed and maintained said elevator in a negligent manner and failed to use care to properly maintain said elevator in proper working order and condition".
According to plaintiff's deposition, the doors opened wide and "very nicely", and the elevator stopped level with the fourth floor exit. An unknown gentleman was the first to exit the elevator and was followed by plaintiff. Plaintiff stated that she then stepped from the elevator to the fourth floor and "slipped", causing her to fall and sustain injuries. Mrs. Laufer did not remember whether she began sliding before or after she had exited the elevator and was unable to explain the cause of her fall. Based on plaintiff's deposition, motions for summary judgment were filed by defendants and granted by the trial judge.
It is plaintiffs' position on appeal that a countervailing affidavit of Mrs. Laufer's sister, also a passenger in the elevator, supports the allegation in plaintiffs' petition that the elevator failed to stop level with the floor and the malfunctioning elevator was the cause of plaintiff's fall and injury. Plaintiffs point out that the countervailing affidavit states that when plaintiff stepped from the elevator, "the elevator was up slightly and she started to fall from the elevator". Plaintiffs further point out that the affidavit states that when the affiant exited the elevator, she noticed "that the elevator was not level with the floor, but was above the floor somewhat". Plaintiffs claim, therefore, that based on the affidavit, a genuine issue of material fact exists, i. e., whether the elevator stopped level with the floor or above the floor, and summary judgment was not properly granted. We agree.
It is well settled in our jurisprudence that a motion for summary judgment is not a substitute for trial. Further, all doubt concerning a dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973). A mere belief that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of a summary judgment and thus deprive the litigant of a trial. Banes v. Prinz, 185 So.2d 50 (La.App. 4th Cir. 1966).
Based on the countervailing affidavit, we conclude that a genuine issue of material fact exists[1] as to whether or not the *543 malfunctioning elevator caused plaintiff's fall and injury. Accordingly, the summary judgments in favor of defendants, dismissing plaintiffs' suit, are annulled and set aside. The matter is remanded for further proceedings. Assessment of costs to await disposition on the merits.
ANNULLED, SET ASIDE AND REMANDED.
NOTES
[1] LSA-C.C.P. arts. 966 and 967 read as follows:

Art. 966. Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Art. 967. Same; affidavits
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
"If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."