ARMSTRONG, Judge.
Plaintiffs, Greta and Wesley Broad-bridge, appeal the trial court’s granting of a motion for summary judgment in favor of defendant, the State of Louisiana, through the Department of Transportation and Development (the “DOTD”). We now reverse.
Plaintiffs were involved in an intersec-tional collision with defendants, John and Catherine Perez, in Chalmette, Louisiana. Plaintiffs filed suit against the Perezes and their insurers, and the DOTD. This appeal concerns only the summary judgment in favor of the DOTD.
Plaintiffs claimed in their petition that a traffic signal light at the intersection of Judge Perez Drive and Packenham Drive was malfunctioning at the time of the accident, and was a cause of the accident.
DOTD filed a motion for summary judgment which had attached to it, (1) a certified copy of an accident report prepared by a St. Bernard Parish sheriffs deputy, and (2) DOTD maintenance records relating to the maintenance of the traffic signal light in question, accompanied by a letter from a DOTD District Traffic Operations Specialist, Kenneth Mason, who identified them as copies of official DOTD records. Plaintiffs filed the affidavit of Ms. Broadbridge in which she stated that at the. time she proceeded into the intersection the signal light was green for her — for traffic proceeding east on Judge Perez Drive. She further stated that after the accident she heard the defendant driver state that the light was also green for him — for traffic proceeding on Packenham Drive.[1]
Based on the documents submitted by the parties, and the pleadings, the trial court granted DOTD’s motion for summary judgment.
On appeal plaintiffs argue that the trial court should not have considered the accident report or the copy of the DOTD maintenance records attached to DOTD’s motion for summary judgment. We disagree.
Under La.C.C.P. art. 966, a trial court should consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits when ruling on a motion for summary judgment. See Welch v. South Central Bell Telephone Company, 402 So.2d 200 (La.App. 1st Cir.1981).[2] La.C. C.P. art. 967 provides that affidavits must have attached to them, or have served along with them, sworn or certified copies of all papers or parts thereof referred to by the affiant.[3] Plaintiffs argue that the doc *1092 uments offered by DOTD should have been attached to an affidavit. The argument, apparently, is that these documents cannot be offered by themselves for consideration by a trial court. Plaintiffs argument is somewhat misplaced.
Plaintiffs cite the case of Continental Casualty Company v. McLure, 313 So.2d 260 (La.App. 4th Cir.1975), for the proposition that the documents should have been attached to an affidavit. In the Continental case this court refused to consider a certified copy of a fire department report. In doing so we noted that it was not accompanied by a,n affidavit of a fire department employee. The opinion only states that the report was attached to a “brief” filed by the plaintiff. We do not find the Continental holding persuasive in the instant case.
Although the DOTD documents did not have a certified or “true copy” stamp on them as did the accident report, the letter of Kenneth Mason, the District Traffic Operations Specialist, we presume, for the district in which the accident occurred, stated in his letter that the documents were copies of official DOTD records. This is, or is the equivalent of, a certification.
The certified documents were filed at the same time that DOTD’s written motion for summary judgment was filed. A written motion is a pleading. La.C.C.P. art. 852. Under La.C.C.P. art. 853, “[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.” Under La.C.C.P. arts. 852 and 853, the documents filed with DOTD’s motion for summary judgment were parts of the pleading, and under La.C.C.P. art. 966, were properly considered by the trial court when ruling oh the motion.
Plaintiffs next argue that even if the documents are considered, there remains a genuine issue of material fact, and therefore, the trial court erred by granting the motion for summary judgment.
A summary judgment is proper only if the pleadings — and attached exhibits— and affidavit of Ms. Broadbridge show that there is no genuine issue as to material fact, and that DOTD is entitled to judgment as a matter of law. La.C.C.P. art. 966; Charles v. Faust, 487 So.2d 612 (La.App. 4th Cir.1986). Summary judgments are not favored and any doubt will be resolved against the granting thereof. Jewell v. Thompson, 386 So.2d 689 (La.App. 3rd Cir.1980), writ denied, 393 So.2d 746 (La.1980). The mere belief that a litigant will be unlikely to prevail at trial is not a sufficient basis to warrant the granting of a summary judgment. Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4th Cir.1976).
The DOTD argues that the accident report and the maintenance records establish that the traffic signal light was functioning at the time of the accident. However, counsel for the DOTD does not cite to the documents or in any way explain how they establish this fact. The accident report reflects that each driver claimed that the traffic signal light was green for their respective lanes of travel. The investigating sheriff’s deputy noted in his report that upon his arrival he observed the traffic signal light to be functioning properly. The report reflects that he arrived on the scene of that accident at 11:07 p.m., four minutes after he was notified. The time of the accident was recorded as 11:03 p.m., the same time the deputy received notification.
The DOTD records consisted of two “Signal and Lighting Work Order[s].” The first order was dated July 15, 1986, four days before the accident. That report reflected that the signal light was working properly upon arrival of the work crew. The crew did some painting, “boxes” and the “control cabinet” were disconnected, the lenses were cleaned, and the “controller,” “interconnect,” and “flash system” were “checked.” The report noted that upon the crew’s departure everything was *1093 working properly. The second work order was dated July 30, 1986, which was eleven days after the accident. The report noted that upon arrival of the work crew the red light on signal “# 5” was out. The lamp was changed and a broken wire in the “disconnect box” was fixed.
Plaintiffs petition states that the traffic light was malfunctioning at the time of the accident, that the DOTD was the owner of the signal, and that the DOTD was the party responsible for maintaining the signal, a duty which it failed to properly perform. In its answer the DOTD simply denied all of the allegations contained in plaintiffs’ petition. The plaintiffs’ pleadings allege that Ms. Broadbridge had a green light, and that Mrs. Perez had and failed to stop for a red light. Plaintiffs claim against DOTD is not necessarily inconsistent with their claim that Mrs. Perez failed to stop for a red light; alternative causes of action often contradict each other. The affidavit of Ms. Broadbridge doesn’t really add anything that would bolster plaintiffs’ position for purposes of ruling on the DOTD’s motion. Without considering the hearsay statement, she only states that she had a green light at the time of the accident. Based upon the DOTD documents and part of the accident report, on July 15, 1986, four days before the accident, the traffic signal light was properly functioning; on July 19, 1986, at approximately 11:07 p.m., when the investigating deputy arrived after the accident, the light was properly functioning; sometime after the deputy arrived at the scene of the accident — between then and the time the work crew, arrived on July 30, 1986— there was a malfunction in the operation of the red light part of the traffic signal. Based upon part of the accident report, both plaintiff and defendant drivers had, or claimed to have had, green lights at the time of the accident. If the lights were green for two intersecting lanes of travel at the same time, they were malfunctioning. There exits the possibility that the signal light was malfunctioning when the vehicles entered the intersection. Even if it appears unlikely that plaintiffs will be able at trial to establish this fact by a preponderance of the evidence, this does not warrant the granting of a summary judgment. Laufer v. Touro Infirmary, supra.
Based upon this evidence we are unable to say that there was no genuine issue as to material fact concerning the issue of DOTD’s liability for a malfunctioning traffic signal light at the intersection of Judge Perez Drive and Packenham Drive at the time of the accident in question. The trial court erred in granting the DOTD’s motion for summary judgment.
For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.
REVERSED AND REMANDED.

. This reference to a hearsay statement is not an attestation to a fact within the "personal knowledge" of Ms. Broadbridge, and therefore should not be considered. See Settoon v. St. Paul Fire & Marine Insurance Company, 331 So.2d 73 (La.App. 1st 1976).

. La.C.C.P. art. 966 provides in pertinent part:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."

.La.C.C.P. art. 967 provides in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, *1092 and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits."